**Jesse James SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1432–88.

Court of Criminal Appeals of Texas, En Banc.

May 16, 1990.

Rachel Blumberg, Galveston, for appellant.

Michael J. Guarino, Dist. Atty., Roger Ezell, Asst. Dist. Atty., Galveston, and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant pleaded guilty to the offense of robbery and was sentenced to 10 years confinement in the Texas Department of Corrections.[1] On February 10, 1988, he was remanded into the custody of the sheriff's department "until such time as the Sheriff can obey the directions of this sentence." Although the judgment specified that he was to serve his sentence in the custody of the Department of Corrections, a shortage of space forced the sheriff to continue holding appellant in the county jail. On June 1, a hearing was conducted on appellant's motion for probation (shock probation V.A.C.C.P. art. 42.12 § 3e(a))[2] after execution of his sentence. The trial court granted appellant's motion, and appellant was soon released pursuant to the court's order. Appellant was never transferred to the Texas Department of Corrections. The State appealed this grant of probation, see V.A.C.C.P., Art. 44.01, and the First Court of Appeals affirmed the judgment of the trial court. 762 S.W.2d 235. We granted the State's petition for discretionary review to determine "whether a trial court may grant 'shock probation' when the defendant has never served any of his sentence in the Texas Department of Corrections."[3] We will reverse the judgment of the Court of Appeals.

■ On direct appeal, the State argued that former V.A.C.C.P., Art. 42.12, § 3e(a) required a person to have actually spent some time incarcerated in a Texas Department of Corrections facility before being eligible for shock probation. This argument is based on the observation that section 3e addresses itself to the trial judge's determination that the defendant would not benefit from further "incarceration in a *penitentiary,*" as opposed simply to "further incarceration." The State reasons that it is the shock of incarceration in a state penitentiary that motivates a defendant to reform; whereas, a county jail would not provide the same impetus for rehabilitation. Appellant responds that, while Section 3e could have *expressly* predicated eligibility for shock probation on incarceration in the Texas Department of Corrections, the statute does not do so.

The Court of Appeals held that Section 3e does not expressly require confinement in the Department of Corrections and that thus predicating eligibility for shock probation on penitentiary confinement would effectively allow the State to contravene shock probation for a given inmate by delaying transfer from a county facility until after the trial court's jurisdiction had lapsed. The court noted that Section 3e

1. The Department of Corrections is now called the Texas Department of Criminal Justice, Institutional Division.

2. The current statutory provisions relevant to shock probation are now located in V.A.C.C.P., Art. 42.12, §§ 6–8. The language upon which the State relies was not changed in this recodification. The relevant text of Article 42.12, in effect at the time of appellant's trial and motion for probation, stated:

Sec. 3e. (a) For the purposes of this section, the jurisdiction of a court in which *a sentence requiring confinement in the Texas Department of Corrections* is imposed for conviction (of a felony) shall continue for 180 days from the date the execution of the sentence actually begins. After the expiration of 60 days but prior to the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the court that imposed the sentence may on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation under the terms and conditions of this article, *if in the opinion of the judge the defendant would not benefit from further incarceration in a penitentiary.* Probation may be granted under this section only if:

(1) the defendant is otherwise eligible for probation under this article; and

(2) *the defendant had never before been incarcerated in a penitentiary* serving a sentence for a felony; and

(3) the offense for which the defendant was convicted was other than those defined by Section 19.02, 20.04, 22.021, 22.04(a)(1), (2), or (3), 29.03, 36.02, 38.07, 71.02[,] or a felony of the second degree under Section 38.10, Penal Code. [emphasis added].

3. The reason for review is that this is an important issue of state law which has not been, but should be, decided by this Court. Tex.R.App. Pro. 200(c)(2).

allows for shock probation, assuming that the defendant meets other qualifications, if his sentence *requires* confinement in the Texas Department of Corrections. The Court of Appeals distinguished this language from an actual requirement of incarceration in the Department of Corrections. In addition, the court looked to past amendments of Section 3e and cases from this Court for added, although indirect, support for its position.

■ Despite the reasoning of the Court of Appeals, the terms of section 3e are clear and unambiguous. When a statute is clear and unambiguous, this Court will not strain that plain meaning of the wording in order to give the statute a "desirable" reading. *Floyd v. State,* 575 S.W.2d 21, 23–24 (Tex.Cr.App.1978); *Courtemanche v. State,* 507 S.W.2d 545, 546 (Tex.Cr.App. 1974); *see also Powell v. State,* 538 S.W.2d 617, 619 (Tex.Cr.App.1976).

The legislature could have had one of two possible intents in using the word "penitentiary." First, it could have intended that a person seeking shock probation must have been actually incarcerated in a penitentiary. This understanding of legislative intent is rational because penitentiary confinement is qualitatively different than jail confinement. Second, the legislature could have simply intended to require that a judgment of conviction specify confinement within the Department of Corrections, without regard to whether the defendant ever serves time in a *penitentiary,* leaving open the possibility that a defendant migh serve his sentence in some other type of penal institution. On its face, Section 3e requires the trial judge to find that a defendant "would not benefit from further incarceration in a *penitentiary.*" To the extent that we are unable to determine

that the legislature intended anything but the literal meaning of the words in the statute, we hold that in order for a person to be eligible for shock probation, that person must serve some portion of his sentence in the Department of Corrections. Because appellant had not been incarcerated in a penitentiary, he was statutorily ineligible for shock probation.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is vacated. This cause is remanded to the trial court for action consistent with this opinion.

STURNS, J., dissents.

CLINTON, Judge, concurring on State's petition for discretionary review.

There is a fundamental misconception underlying the reasoning of the court of appeals, *viz:*

"Further, the language in the statute giving the trial court jurisdiction for 180 days 'from the date the execution of the sentence actually begins' means the date the sentence is pronounced."

*Smith v. State,* 762 S.W.2d 235 (Tex.App.— Houston [1st] 1988), at 236–237. For me it is clear enough the Legislature neither provided nor intended that phrase be thus construed. *Williamson v. State,* 676 S.W.2d 428 (Tex.Cr.App.1984) (dissenting opinion, at 429–430).

"The 'shock' is being incarcerated in a penitentiary operated by TDC for a reasonable period of time, not being confined in a county jail run by the local sheriff. *Tamez v. State,* [620 S.W.2d 586], at 588–589, n. 3."

*Id.,* at 430.*

On that basis, I join the opinion of the Court.

* The Houston Court seems to read our *Tamez* opinion to say the controlling date to begin calculating the jurisdictional period is the day sentence is pronounced, *Smith,* supra, at 236–237. It does not *hold* that.

Pointing out that notice of appeal was not given and "the appellant was confined in the Department of Corrections," *id.,* at 586, the opinion further observes that the subsequent effort to place defendant on probation came

after expiration of the jurisdictional period, citing *Adams v. State,* 610 S.W.2d 780, 781 (Tex.Cr. App.1981) (imposition of sentence and confinement in TDC occurred same day) and *Houlihan v. State,* 579 S.W.2d 213, 219 (Tex.Cr.App.1979) (capias after mandate executed one day, defendant incarcerated in TDC the next). While it does regard the day sentence was imposed as "commencement of execution of the sentence," *id.,* at 588, 589, for all we know from the opin-

MILLER, Judge, dissenting on State's petition for discretionary review.

I believe it best when construing statutes to be guided by V.T.C.A., Government Code §§ 311.021 and 311.023. Section 311.021 states:

**Intention in Enactment of Statutes**

In enacting a statute, it is presumed that:

(1) compliance with the constitutions of this state and the United States is intended;

(2) the entire statute is intended to be effective;

(3) a just and reasonable result is intended

(4) a result feasible of execution is intended; and

(5) public interest is favored over any private interest.

Section 311.023 states:

**Statute Construction Aids**

In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:

(1) object to be attained;

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) common law or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provision.

Suffice it to say that using these guidelines, particularly numbers (2), (3), (4) and (5) of § 311.021 and numbers (1), (5) and (6) of § 311.023, the correct result in this case is to allow the granting of shock probation to those persons serving time in county jails under a prison sentence. The language "further incarceration in a penitentiary", relied on so heavily by the State, can just as easily be read to mean that the incarceration in jail is enough and that further incarceration, this time in the penitentiary, would be of no benefit.

This construction is bolstered by recent amendments to the shock probation provisions, presumably made to accommodate changing times and prison conditions. Much has changed from former Art. 42.12, Sec. 3e(a), V.A.C.C.P., to the current statutory provisions relating to shock probation contained in Art. 42.12, Sec. 6, 7 & 8, V.A.C.C.P. "Further incarceration in a penitentiary" in the former article is now "further incarceration"; "shall request a copy of the defendant's record while incarcerated from the Texas Department of Corrections" is now "shall request a copy of the defendant's record while incarcerated from the Texas Department of Corrections, or if the defendant is incarcerated in the county jail, from the sheriff." While an argument can be made that these almost nonsubstantive changes evidence a change of heart in the legislature, proper code construction act analysis leads just as easily to the conclusion that the legislature was simply making more clear its original and unchanged intent.

With these comments, I dissent.

STURNS, J., joins.

---

ion Tamez was delivered to TDC and actually began his sentence that same day or the next day.

Moreover, the basic problem in *Tamez* is that just after the trial judge pronounced or imposed sentence and he also purported to cause the court to grant "shock probation" "before it had jurisdiction to do so." *Tamez*, at 587. Consequently, every action undertaken thereafter was flawed and ultimately set aside; the original sentence was reinstated with appropriate credits for time served, *id.*, at 590.

The Court was not called on to determine and certainly did not decide the question now presented. However, we did address the mechanics in proper procedure "since a defendant granted 'shock probation' would be in the Department of Corrections under sentence when the motion for probation is considered." *Id.*, n. 3, at 588–589.