The STATE of Texas, Appellant,

v.

Charles Elliott DEAN and Edgar Lauren Dean, III, Appellees.

Nos. B14–94–00278–CR through B14–94–00281–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Affirmed and Opinion of Feb. 9, 1995 Withdrawn.

Decided Feb. 16, 1995.

Discretionary Review Refused June 14, 1995.

Roger Haseman, Houston, for appellant.

Douglas Pettit, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## CORRECTED OPINION

AMIDEI, Justice.

Charles Elliott Dean and Edgar Lauren Dean, appellees, entered pleas of no contest to the offenses of unlawful disposal of hazardous waste without a permit and unlawful transportation for disposal of hazardous waste to an unpermitted location. TEX. HEALTH & SAFETY CODE ANN. § 361.221(a)(1) & (2) (Vernon 1992). Appellees were convicted and each was assessed punishment at three years confinement in the Institutional Division of Texas Department of Criminal Justice and a fine in the amount of $2,500.00. Thereafter, appellees each filed a motion for "shock probation" which was granted by the trial court. Appellees were subsequently released from county jail and placed on probation. In a single point of error, the State appeals the order granting shock probation because appellees never served any of their sentence in the Institutional Division of the Texas Department of Criminal Justice. We affirm the judgment of the trial court.

■ Much has changed from the former TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3e(a) (Vernon 1979) to the current statutory provision relating to "shock probation." Former art. 42.12, sec. 3e(a), specifically required "incarceration in a penitentiary." The Court of Criminal Appeals, relying on this former code, stated that the use of the words "incarceration in a penitentiary" rather than simply "incarceration" denotes the legislature's intent that shock probation only be granted after the defendant has served part of his sentence in the Texas Department of Corrections. *Smith v. State,* 789 S.W.2d 590, 591 (Tex.Crim.App.1990).

Subsequently, the legislature amended the code, apparently in accordance with *Smith,* to read merely "incarceration." Thus, the amended code states in pertinent part:

> For the purposes of this section, the jurisdiction of a court in which *a sentence requiring confinement in the Texas Department of Corrections*[1] is imposed shall continue for 180 days from the date the execution of the sentence actually begins. Before the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may on his own motion, on the motion of the attorney representing the state, or on the written motion of the defendant, suspend further execution of the sentence and place the defendant on probation under the terms and conditions of this article, *if in the opinion of the judge the defendant would not benefit from further incarceration* and ... [emphasis added].

TEX.CODE CRIM.PROC.ANN. art. 42.12 sec. 6(a) (Vernon 1992).

Furthermore, former art. 42.12 sec. 3e(b) which required the request of records from only the Texas Department of Corrections was amended to allow for shock probation following imprisonment in the county jail. The amended version, art. 42.12 sec. 6(c), included the request of records from the Texas Department of Corrections *or* the county jail, depending on where the defendant was incarcerated. The amendment reads in pertinent part:

> When the defendant or the attorney representing the state files a written motion requesting suspension by the court of further execution of the sentence and placement of the defendant on probation, and when requested to do so by the court, *the clerk of the court shall request a copy of the defendant's record while incarcerated from the Texas Department of Corrections*

---

1. The Texas Department of Corrections is now called the Institutional Division of the Texas Department of Criminal Justice.

*or, if the defendant is incarcerated in county jail from the sheriff....* [emphasis added].

TEX.CODE CRIM.PROC.ANN. art. 42.12 sec. 6(c) (Vernon 1992). The amendment of the code from "further incarceration in a penitentiary" to "further incarceration" and from "the clerk of the court shall request a copy of the defendant's record while incarcerated from the Texas Department of Corrections" to "the clerk of the court shall request a copy of the defendant's record while incarcerated from the Texas Department of Corrections or, if the defendant is incarcerated in county jail from the sheriff," indicates an intent to allow shock probation after *incarceration,* whether it be in the Institutional Division of the Texas Department of Criminal Justice or in county jail. *See Smith v. State,* 789 S.W.2d 590, 593 (Tex.Crim.App.1990) (Miller, J. dissenting).

In 1993, the legislature amended this code once again.[2] "[F]urther incarceration" was amended to "further imprisonment" in art. 42.12 sec. 6(a), and art. 42.12 sec. 6(c) included the request of records from either the Institutional Division of the Texas Department of Criminal Justice or the county jail. In looking to art. 42.12 for guidance, the code fails to define either incarceration or imprisonment. These two words have been used interchangeably throughout the code. Furthermore, the definition of incarceration is, "[i]mprisonment; confinement in a jail or penitentiary." BLACK'S LAW DICTIONARY 685 (5th ed. 1979). Imprisonment is defined as:

> The act of putting or confining a man in prison. The restraint of a man's personal liberty; coercion exercised upon a person to prevent the free exercise of his powers of locomotion.... Every confinement of the person is an "imprisonment," whether it be in a prison, or in a private house, or even by forcibly detaining one in the public streets. Any unlawful exercise or show of force by which person is compelled to remain where he does not wish to be.

BLACK'S LAW DICTIONARY 681 (5th ed. 1979). It appears that the legislature merely refined its language by making the nonsubstantive change from incarceration to imprisonment. The 1993 code leads us just as easily to the same conclusion; shock probation may be granted after *imprisonment,* whether it be in the Institutional Division of the Texas Department of Criminal Justice or in the county jail.

■ We must apply the code in effect at the time of appellees' trial and motion for probation. *See Smith v. State,* 789 S.W.2d 590, 591 n. 2 (Tex.Crim.App.1990). Appellees entered pleas of no contest and filed motions for probation on October 1, 1993. Punishment was assessed on December 7, 1993, and the shock probation hearing and judgment signing was on March 4, 1994. The most recent version of the code went into effect September 1, 1993; thus we must apply it to the case before us.

We find nothing in the applicable code that requires appellees to be imprisoned in the Institutional Division of the Texas Department of Criminal Justice before they are eligible for shock probation. We accordingly overrule appellant's point of error.

We affirm the judgment of the trial court.

---

**2.** Act effective September 1, 1993, 73rd Leg., R.S., ch. 900 § 4.01, 1993 TEX.GEN.LAWS, 3720–21,

3766 (to be codified as an amendment to TEX. CODE CRIM.PROC.ANN. art. 42.12 sec. 6).