NO. 07-03-0454-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 16, 2004



______________________________




SUMMER HELENA MILLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 73077; HONORABLE CHARLES D. CARVER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 In the spring of 1997, the trial court, following appellant Summer Helena Miller's
guilty plea to an indictment alleging burglary of a habitation, found the evidence
substantiated her guilt, but deferred further proceedings and placed her on deferred
adjudication community supervision for ten years. On October 24, 2002, after a hearing
on the State's motion to proceed with adjudication of guilt, the trial court adjudicated
appellant guilty and sentenced her to six years confinement. Appellant timely filed a motion
for new trial, and on December 18, 2002, the trial court vacated the sentence and
reinstated appellant on deferred adjudication community supervision. The State again
moved to proceed with adjudication of guilt in May of 2003. In August of that year, the trial
court, following a hearing on the State's motion, adjudicated appellant guilty and assessed
a sentence of 15 years confinement. By this appeal, appellant challenges the imposition
of that sentence. We affirm. 

 With her first issue, appellant contends the trial court's order vacating the six year
sentence and reinstating her on deferred adjudication community supervision was, in
essence, a grant of shock probation. A grant of shock probation, or more appropriately,
continuing court jurisdiction, suspends further execution of the sentence. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 6 (Vernon Supp. 2004). (1) According to appellant, the
sentence that was suspended was the six year sentence imposed by the court in October
of 2002. It follows, appellant argues , that "revocation of shock probation simply reinstates
the execution of the imposed sentence." Thus, when the trial court considered revocation
of her community supervision in August of 2003, it was constrained to impose a sentence
of six years or less. 

 The State urges, and we agree, that whatever the court was attempting to do by
vacating the six year sentence, it was not invoking its continuing court jurisdiction. (2) This
is so because the court, upon vacating the sentence, reinstated appellant on deferred
adjudication community supervision, rather than "straight" community supervision. (3) See
Art. 42.12, § 6(a) (authorizing court with continuing jurisdiction over a criminal defendant
to suspend further execution of the sentence and place her on community supervision). 
Once appellant was reinstated on deferred adjudication, the trial court had at its disposal
in the subsequent adjudication proceeding the entire range of punishment for burglary of
a habitation, a second degree felony. See Art. 42.12, § 5(b) (providing that, after an
adjudication of guilt, all proceedings, including assessment of punishment and
pronouncement of sentence continue as if the adjudication of guilt had not been deferred). 
The fifteen year sentence is within the statutory range for a second degree felony. See
Tex. Pen. Code Ann. § 12.33 (Vernon 2003). Thus, the trial court did not err in its
assessment of punishment in the subsequent adjudication hearing. 

 Moreover, by her motion for new trial, appellant challenged her sentence. Because
she sought the new trial, she is estopped by the doctrine of invited error from raising this
complaint on appeal. Matchett v. State, 941 S.W.2d 922, 935 (Tex.Cr.App. 1996). 
Appellant's first issue is overruled.

 By her second issue, appellant maintains that "[i]ncarceration in the Institutional
Division (T.D.C.) is not required for shock probation." This point is directed at the trial
court's erroneous assertion in its amended certification of appellant's right to appeal that 
appellant "was never sent to the Institutional Division on the 6 year sentence therefore this
was not shock probation." In fact, shock probation may be granted after imprisonment,
whether it be in the Institutional Division of the Texas Department of Criminal Justice or in
the county jail. State v. Dean, 895 S.W.2d 814, 816 (Tex.App.-Houston [14th Dist.] 1995,
pet. ref'd). On this the parties agree. Our conclusion, however, that the trial court did not
invoke its continuing court jurisdiction when it vacated the October 2002 sentence
precludes further discussion of this issue.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

Do not publish.
1. All references to articles are to the Texas Code of Criminal Procedure, unless
otherwise designated. 
2. The record reveals the existence of two trial court certifications of appellant's right
to appeal. The first declares that this case "[i]s a revocation of shock probation, term of
sentence was more than first revocation, and the Defendant has the right to appeal." The
second, which appears in a supplemental transcript, proclaims that appellant was not
placed on shock probation, but rather that "the Defendant's appeal [was] from a plea
bargain, with an agreed cap, and that the Defendant [had] NO right to appeal." 
3. The parties agree, albeit for different reasons, that the trial court had jurisdiction to
modify the sentence it imposed in October of 2002. Appellant contends that authority
derived from the continuing court jurisdiction provisions of the Code of Criminal Procedure. 
See Art. 42.12, § 6(a) (providing that the jurisdiction of a court in which a sentence
requiring imprisonment in the Institutional Division of the Texas Department of Criminal
Justice is imposed by the judge of the court shall continue for 180 days from the date the
execution of the sentence actually begins). In contrast, the State maintains appellant's
motion for new trial extended the court's plenary power until the time period for ruling on
the motion expired by operation of law.



contradicted his story regarding his last encounter with the decedent. All of this constitutes
clear evidence supporting appellant's guilt as the murderer.

 Furthermore, the very evidence which could conceivably be viewed as illustrating
that appellant acted as a party was the same evidence which illustrated that he personally
committed the murder. As previously mentioned in our original opinion, the evidence
either showed that appellant did nothing or that he committed the murder on his own or at
the behest of others. Nothing illustrated that someone else committed the murder and
appellant merely directed, solicited, encouraged, aided, or attempted to aid the murderer. 
In short, there was no evidence that anyone, other than appellant, killed the decedent. 
Thus, if no evidence exists illustrating that someone other than appellant killed the
decedent, then the only conceivable way the jury could have found that he acted as a party
to the murder was if it concluded that he killed at the behest of another. Yet, under that
scenario, while he may have been a party in the sense that he was acting on behalf of
others, he was nevertheless the primary actor because he did the killing. So, the same
evidence which could conceivably categorize appellant as a party to the crime also made
him the primary actor, and because of that, we cannot see how appellant was harmed. 
See Montes v. State, 724 S.W.2d 54, 56-57 (Tex. Crim. App. 1987) (holding that the
appellant suffered no harm when the trial court erroneously included the party charge
because the acts which conceivably made him a party also made him the primary actor). Finally, because there existed no evidence that anyone else killed the decedent,
the record cannot support the conclusion that appellant must have suffered some actual,
as opposed to theoretical, harm as required by Almanza and Arline. When circumstances
such as these appear of record, the reviewing court is entitled to conclude that no harm
resulted since "the jury almost certainly did not rely upon the parties instruction in arriving
at its verdict, but rather based the verdict on the evidence tending to show appellant's guilt
as a principal actor." Ladd v. State, 3 S.W.3d at 565. Or, as stated in Cathey, if there is
no evidence upon which a jury could rationally find that the accused acted as a party, then
the error is harmless because it is "highly unlikely that a rational jury would base its verdict
on a parties theory." Cathey v. State, 992 S.W.2d at 466. (2) 

 Accordingly, the motion for rehearing is overruled.


 Brian Quinn

 Justice

 


Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. We are aware of the recent decision by the San Antonio Court of Appeals in Guevara v. State, No.
04-00-00340-CR, 2003 WL 201299 (Tex. App.--San Antonio January 31, 2003, no pet. h.). There, the court
held the defendant was harmed because it could not determine whether the jury considered the improper
instruction while deliberating. The improper instruction consisted of a misstatement of law, not the
submission of a party charge when the evidence did not warrant it. Additionally, none of the opinions by the
Texas Court of Criminal Appeals which we discussed and found binding here, where mentioned there. Thus,
the opinion is inapposite.