NO. 07-03-0454-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 16, 2004

_____

SUMMER HELENA MILLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 73077; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

In the spring of 1997, the trial court, following appellant Summer Helena Miller's guilty plea to an indictment alleging burglary of a habitation, found the evidence substantiated her guilt, but deferred further proceedings and placed her on deferred adjudication community supervision for ten years. On October 24, 2002, after a hearing

on the State's motion to proceed with adjudication of guilt, the trial court adjudicated appellant guilty and sentenced her to six years confinement. Appellant timely filed a motion for new trial, and on December 18, 2002, the trial court vacated the sentence and reinstated appellant on deferred adjudication community supervision. The State again moved to proceed with adjudication of guilt in May of 2003. In August of that year, the trial court, following a hearing on the State's motion, adjudicated appellant guilty and assessed a sentence of 15 years confinement. By this appeal, appellant challenges the imposition of that sentence. We affirm.

With her first issue, appellant contends the trial court's order vacating the six year sentence and reinstating her on deferred adjudication community supervision was, in essence, a grant of shock probation. A grant of shock probation, or more appropriately, continuing court jurisdiction, suspends further execution of the sentence. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (Vernon Supp. 2004).[1] According to appellant, the sentence that was suspended was the six year sentence imposed by the court in October of 2002. It follows, appellant argues , that "revocation of shock probation simply reinstates the execution of the imposed sentence." Thus, when the trial court considered revocation of her community supervision in August of 2003, it was constrained to impose a sentence of six years or less.

---

[1]All references to articles are to the Texas Code of Criminal Procedure, unless otherwise designated.

The State urges, and we agree, that whatever the court was attempting to do by vacating the six year sentence, it was not invoking its continuing court jurisdiction.[2] This is so because the court, upon vacating the sentence, reinstated appellant on deferred adjudication community supervision, rather than "straight" community supervision.[3] *See* Art. 42.12, § 6(a) (authorizing court with continuing jurisdiction over a criminal defendant to suspend further execution of the sentence and place her on community supervision). Once appellant was reinstated on deferred adjudication, the trial court had at its disposal in the subsequent adjudication proceeding the entire range of punishment for burglary of a habitation, a second degree felony. *See* Art. 42.12, § 5(b) (providing that, after an adjudication of guilt, all proceedings, including assessment of punishment and pronouncement of sentence continue as if the adjudication of guilt had not been deferred). The fifteen year sentence is within the statutory range for a second degree felony. *See*

---

[2]The record reveals the existence of two trial court certifications of appellant's right to appeal. The first declares that this case "[i]s a revocation of shock probation, term of sentence was more than first revocation, and the Defendant has the right to appeal." The second, which appears in a supplemental transcript, proclaims that appellant was not placed on shock probation, but rather that "the Defendant's appeal [was] from a plea bargain, with an agreed cap, and that the Defendant [had] NO right to appeal."

[3]The parties agree, albeit for different reasons, that the trial court had jurisdiction to modify the sentence it imposed in October of 2002. Appellant contends that authority derived from the continuing court jurisdiction provisions of the Code of Criminal Procedure. *See* Art. 42.12, § 6(a) (providing that the jurisdiction of a court in which a sentence requiring imprisonment in the Institutional Division of the Texas Department of Criminal Justice is imposed by the judge of the court shall continue for 180 days from the date the execution of the sentence actually begins). In contrast, the State maintains appellant's motion for new trial extended the court's plenary power until the time period for ruling on the motion expired by operation of law.

Tex. Pen. Code Ann. § 12.33 (Vernon 2003). Thus, the trial court did not err in its assessment of punishment in the subsequent adjudication hearing.

Moreover, by her motion for new trial, appellant challenged her sentence. Because she sought the new trial, she is estopped by the doctrine of invited error from raising this complaint on appeal. Matchett v. State, 941 S.W.2d 922, 935 (Tex.Cr.App. 1996). Appellant's first issue is overruled.

By her second issue, appellant maintains that "[i]ncarceration in the Institutional Division (T.D.C.) is not required for shock probation." This point is directed at the trial court's erroneous assertion in its amended certification of appellant's right to appeal that appellant "was never sent to the Institutional Division on the 6 year sentence therefore this was not shock probation." In fact, shock probation may be granted after imprisonment, whether it be in the Institutional Division of the Texas Department of Criminal Justice or in the county jail. State v. Dean, 895 S.W.2d 814, 816 (Tex.App.–Houston [14th Dist.] 1995, pet. ref'd). On this the parties agree. Our conclusion, however, that the trial court did not invoke its continuing court jurisdiction when it vacated the October 2002 sentence precludes further discussion of this issue.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4