NO. 07-06-0275-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 17, 2006



______________________________




SHEON ANTHONY POLK, 


 Appellant


v.



THE STATE OF TEXAS, 


 Appellee



_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 53,105-A; HON. HAL MINER, PRESIDING



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant Sheon Anthony Polk appeals his conviction for possession of a controlled
substance after a plea of guilty pursuant to a plea bargain. The certification of appeal
executed by the trial court does not disclose that he has the right of appeal; rather it states
that he has no right of appeal. By letter dated September 29, 2006, this court notified
appellant of this circumstance and that the appeal was subject to dismissal. The court also
requested that he either supply us with an amended certification illustrating that he has a
right to appeal or inform us why we should continue the appeal, by October 9, 2006. That
deadline has elapsed and we have received neither a response nor amended certification. 
Thus, we dismiss the appeal. See Tex. R. App. P. 25.2(d) (requiring that the appeal be
dismissed if a certification that shows that the defendant has a right of appeal has not been
made part of the record).

 Accordingly, the appeal is dismissed. 


 Brian Quinn

 Chief Justice



Do not publish.






















 



r community supervision in August of 2003, it was constrained to impose a sentence
of six years or less. 

 The State urges, and we agree, that whatever the court was attempting to do by
vacating the six year sentence, it was not invoking its continuing court jurisdiction. (2) This
is so because the court, upon vacating the sentence, reinstated appellant on deferred
adjudication community supervision, rather than "straight" community supervision. (3) See
Art. 42.12, § 6(a) (authorizing court with continuing jurisdiction over a criminal defendant
to suspend further execution of the sentence and place her on community supervision). 
Once appellant was reinstated on deferred adjudication, the trial court had at its disposal
in the subsequent adjudication proceeding the entire range of punishment for burglary of
a habitation, a second degree felony. See Art. 42.12, § 5(b) (providing that, after an
adjudication of guilt, all proceedings, including assessment of punishment and
pronouncement of sentence continue as if the adjudication of guilt had not been deferred). 
The fifteen year sentence is within the statutory range for a second degree felony. See
Tex. Pen. Code Ann. § 12.33 (Vernon 2003). Thus, the trial court did not err in its
assessment of punishment in the subsequent adjudication hearing. 

 Moreover, by her motion for new trial, appellant challenged her sentence. Because
she sought the new trial, she is estopped by the doctrine of invited error from raising this
complaint on appeal. Matchett v. State, 941 S.W.2d 922, 935 (Tex.Cr.App. 1996). 
Appellant's first issue is overruled.

 By her second issue, appellant maintains that "[i]ncarceration in the Institutional
Division (T.D.C.) is not required for shock probation." This point is directed at the trial
court's erroneous assertion in its amended certification of appellant's right to appeal that 
appellant "was never sent to the Institutional Division on the 6 year sentence therefore this
was not shock probation." In fact, shock probation may be granted after imprisonment,
whether it be in the Institutional Division of the Texas Department of Criminal Justice or in
the county jail. State v. Dean, 895 S.W.2d 814, 816 (Tex.App.-Houston [14th Dist.] 1995,
pet. ref'd). On this the parties agree. Our conclusion, however, that the trial court did not
invoke its continuing court jurisdiction when it vacated the October 2002 sentence
precludes further discussion of this issue.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

Do not publish.
1. All references to articles are to the Texas Code of Criminal Procedure, unless
otherwise designated. 
2. The record reveals the existence of two trial court certifications of appellant's right
to appeal. The first declares that this case "[i]s a revocation of shock probation, term of
sentence was more than first revocation, and the Defendant has the right to appeal." The
second, which appears in a supplemental transcript, proclaims that appellant was not
placed on shock probation, but rather that "the Defendant's appeal [was] from a plea
bargain, with an agreed cap, and that the Defendant [had] NO right to appeal." 
3. The parties agree, albeit for different reasons, that the trial court had jurisdiction to
modify the sentence it imposed in October of 2002. Appellant contends that authority
derived from the continuing court jurisdiction provisions of the Code of Criminal Procedure. 
See Art. 42.12, § 6(a) (providing that the jurisdiction of a court in which a sentence
requiring imprisonment in the Institutional Division of the Texas Department of Criminal
Justice is imposed by the judge of the court shall continue for 180 days from the date the
execution of the sentence actually begins). In contrast, the State maintains appellant's
motion for new trial extended the court's plenary power until the time period for ruling on
the motion expired by operation of law.