

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. WR-83,799-01

---

### EX PARTE RICKY MOLINA, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 13070500 1010 FROM THE
### 174TH DISTRICT COURT OF HARRIS COUNTY

---

**YEARY, J., delivered an opinion for the unanimous Court.**

### O P I N I O N

This is a post-conviction application for writ of habeas corpus. TEX. CODE. CRIM

PROC. art. 11.07. Applicant brings eight claims for relief, including one claim alleging that

the judgment in his case does not adequately reflect credit for the time he served in county

jail before his sentence was pronounced. Applicant, however, does not claim to have

exhausted all his administrative remedies to this alleged error. Under Section 501.0081 of

the Texas Government Code, an applicant must exhaust all administrative remedies before

he may bring a claim in an 11.07 writ application that he is not being properly credited with

time served on his sentence. TEX. GOV. CODE § 501.0081. This writ application involves the persistent issue of whether applicants must exhaust their administrative remedies under Section 501.0081 of the Texas Government Code before they may bring a post-conviction application for writ of habeas corpus alleging that the judgment is incorrect for failing to credit them for time that they served in jail before their sentence was imposed.[1] We conclude that such claims are not subject to the Section 501.0081 exhaustion requirement.

## BACKGROUND

Applicant, Ricky Molina, was charged with aggravated robbery. After proceeding to trial, he was convicted by a jury on January 14, 2014. The jury sentenced him to 16 years' confinement in the Texas Department of Criminal Justice. Applicant appealed his conviction to the Fourteenth Court of Appeals, and that court affirmed his conviction. *Molina v. State*, No. 14-14-00084-CR, 2015 WL 1544784 (Tex. App.—Houston [14th Dist.] 2015) (mem. opinion) (not designated for publication).

Applicant now brings this post-conviction application for writ of habeas corpus alleging that he is not receiving credit for time he spent in jail before beginning his sentence for the aggravated robbery conviction. Applicant contends that he was brought before a magistrate on the same aggravated robbery charge in December 2011. Because he never bonded out on the charge, he claims, he is entitled to mandatory pre-sentence jail time

---

[1] Ultimately, of course, such a writ application would likely be dismissed because the proper remedy to correct a judgment that incorrectly omitted credit for pre-sentence jail time is through a judgment *nunc pro tunc* and, if necessary, a writ of mandamus. *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004); *Ex parte Florence*, 319 S.W.3d 695 (Tex. Crim. App. 2010).

credit—which would be almost an additional year of credit if the date on which Applicant alleges he was initially confined is correct. TEX. CODE CRIM. PROC. art. 42.03 § 2(1). Applicant has not alleged that he has exhausted all of the administrative remedies available to resolve his time credit complaint. The issue is whether such exhaustion is even necessary in the context of a claim that the judgment is incorrect.

## ANALYSIS

Under Section 501.0081(b)(1) of the Texas Government Code, "an inmate may not" bring a claim of a "time-served credit error" in an application for writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure until he "receives a written decision issued by the highest authority provided for in the resolution system[.]" TEX. GOV. CODE § 501.0081 (b)(1). Does the definition of "time-served credit error" include pre-sentence credit errors in which it is alleged that the trial judge incorrectly entered a judgment that failed to credit the applicant with time served in jail *before* the sentence was imposed?

When the meaning of a statute should have been plain to those to voted on it, "we ordinarily give effect to that plain meaning." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (citing *Smith v. State*, 789 S.W.2d 590, 592 (Tex. Crim. App. 1990)). But our precedents require that, "where application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally." *Id.* (citing *Faulk v. State*, 608 S.W.2d 625, 630 (Tex. Crim. App. 1980)). In light of these precedents, we must look to see whether the requirement that

an applicant receive "a written decision issued by the highest authority provided for in the resolution system" in the context of a pre-sentence jail time credit claim that a judgment is incorrect leads to absurd results that could not possibly have been intended.

Section 501.0081(a) of the Texas Government Code mandates that the Department of Criminal Justice [hereinafter, "the Department"] "shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled." TEX. GOV. CODE § 501.0081(a). When we read Section 501.0081 in its entirety, we understand the phrase "system that allows resolution" in subsection (a) to refer to the same "resolution system" that is mentioned in Subsection 501.0081(b)(1): "[A]n inmate may not in an application for writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until . . . the inmate receives a written decision issued by the highest authority provided for in the *resolution system*[.]" TEX. GOV. CODE § 501.0081(b)(1) (emphasis added). Subsection (a) requires the Department to provide a "resolution system" for resolving time-served credit claims, and that is plainly the "resolution system" through which, under Subsection (b)(1), an inmate must pass before he may bring a claim of "time-served credit error" in a post-conviction application for writ of habeas corpus. But this leaves one question: What about time credit claims that *are not* subject to "a system that allows resolution of a complaint by an inmate"? Can Section 501.0081 possibly apply to time-credit claims that the Department has no authority to

resolve? We think that it cannot.

An ordinary time-served credit claim under Section 501.0081 will allege that the Department is miscalculating the defendant's time served, which may include miscalculating the award of pre-sentence time served that is reflected in the judgment, but which assumes that the judgment itself is correct. Such a claim alleges some mistake on the part of the Department. Therefore, the Department has the authority and power to remedy the mistake if the claim is meritorious. If the Department corrects such a mistake, then presumably an applicant would have no need to file a post-conviction writ application to begin with. It makes perfect sense to require applicants to go first to the Department—the body that made the mistake—so that it may resolve the claim and avoid any unnecessary intervention by this Court.

On the other hand, a pre-sentence credit claim that alleges that the judgment is incorrect does not allege that the Department has incorrectly calculated the defendant's time served. Rather, such a claim attacks the propriety of the judgment itself. Only the judiciary—not the Department—has the authority to correct such a judicial error. The Department has no power to modify a judgment; instead, an incorrect judgment must be resolved judicially, as we indicated in *Ex parte Ybarra*, through a *nunc pro tunc* judgment, a writ of mandamus if necessary, or, as a last resort, if he "has been incarcerated past his presumptive discharge date," a post-conviction application for writ of habeas corpus. 149 S.W.2d at 148-49 & n.2. No resolution system contemplated by Section 501.0081 could alter

a judgment to make it accurately reflect pre-sentence time served.

Subsection 501.0081(b)(1) might appear to some to embrace *all* claims of "time-served credit error," including claims that the judgment does not accurately reflect credit for pre-sentence jail time served, as required by Article 42.03 § 2(1). But to interpret it that way would lead to the absurd and inefficacious requirement that applicants raising such claims first "receive a written decision issued by the highest authority provided for in the resolution system[.]" Such a requirement is simply pointless when the "resolution system" set out in Subsection (a) does not empower the Department to alter a judgment.[2] Such a requirement would make little practical sense and would likely require an applicant's claim to be needlessly dragged out before the applicant is finally put on notice of how he should seek relief.[3] Reflecting on these considerations, we must conclude that such an interpretation of Section 501.0081 would lead to absurd consequences that the Legislature could not have

---

[2] Indeed, it is questionable whether it could even be permissible for the resolution system to try to assert such authority. *See* TEX. CONST. art. II § 1 ("The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.").

[3] If Section 501.0081 applied to such a claim, this Court would have to dismiss a post-conviction writ application that failed to exhaust the applicant's non-remedy through the Department's resolution system. Then the applicant would have to exhaust his administrative non-remedy and presumably reapply for post-conviction habeas corpus relief. We would then dismiss his application under *Ybarra*. Finally, having been put on notice of *Ybarra*, the applicant would seek relief through a *nunc pro tunc* judgment, or, failing that, by application for writ of mandamus. By not applying 501.0081 to pre-sentence credit claims, we could initially dismiss the application under *Ybarra* and at least better streamline the entire process. Applicants could have their claims reached on the merits months, maybe even years, earlier.

intended. A claim that a judgment erroneously fails to provide credit for pre-sentence incarceration—which is not subject to any Department resolution system—cannot be what the Legislature contemplated when it referred to a "time-served credit error" under 501.0081. We hold that such a claim is not susceptible to the requirement under Subsection 501.0081(b)(1) that all administrative remedies be exhausted before it may be brought in a post-conviction writ application.

Accordingly, if the only claim that an applicant raises in a post-conviction application for writ of habeas corpus is one that attacks the accuracy of the judgment with respect to pre-sentence jail-time credit, but he does not claim to have exhausted his administrative remedies, then we will not dismiss it under Section 501.0081, since that provision does not apply.[4] On the other hand, if the only claim an applicant raises is a time-credit claim that can be resolved by the Department, but he has not exhausted all of his administrative remedies, then we will dismiss his application for failure to exhaust under Section 501.0081. Moreover, if the applicant brings a mixed application—bringing *both* a time-credit claim that the Department can correct *and* a judicial time-credit error that the Department cannot correct (or, for that matter, any claim attacking the validity of the conviction or punishment)—we will dismiss his application in its entirety for failure to exhaust. Finally, if it is unclear from his pleading exactly what kind of time-credit error an applicant is claiming and he has not

---

[4] We will still *dismiss* the claim, of course, but under *Ybarra/Florence*, *see* note 1 *ante*, unless the applicant has been incarcerated past his presumptive discharge date, in which case we will entertain the claim on the merits. *Ybarra*, 149 S.W.3d at 148 n.2.

exhausted his claim under Section 501.0081, then we will also dismiss his entire application for failure to exhaust.

So, which of these categories does Applicant's writ application fall within? Does he allege that his judgment is incorrect, or that the Department has incorrectly calculated his time served—or both? Applicant alleges that he was "magistrated for this charge in Fort Bend County on December 7th, 2011" and that "The Honorable Judge is the one that shall give defendant credit on his sentence for time that defendant has spent in jail on 'said cause' from time of his arrest and confinement until his sentence[.]" The claim that Applicant was arraigned on December 7, 2011, conflicts with the portion of the judgment reflecting that Applicant should receive time served starting from October 31, 2012—almost a year later than December 7, 2011—and running until January 14, 2014. This apparent discrepancy, coupled with Applicant's argument that a judge *shall* give a defendant credit for time spent in jail starting from his confinement until his sentence, provides sufficient context to justify the determination that his only time-credit claim is that the judgment is incorrect.

We conclude that Applicant has shown specific enough facts in his application for us to conclude that his claim alleges that—and alleges *only* that—his judgment is incorrect. Therefore, we dismiss this claim, not under Section 501.0081 of the Texas Government Code, but under *Ybarra* and *Florence*. Applicant's proper remedy is to seek a *nunc pro tunc* judgment or, failing that endeavor, an application for writ of mandamus.[5]

---

[5] As we stated in *Ybarra*, an applicant may bring a claim that he is being deprived of pre-trial jail time credit in a post-conviction writ application if, were he to prevail on that claim, it would

Having reviewed Applicant's remaining claims, which challenge his conviction, we deny them. *See Ex parte Deeringer*, 210 S.W.3d 616, 618 (Tex. Crim. App. 2006) ("[W]hen a habeas applicant files an initial post-conviction application for writ of habeas corpus raising *both* claims challenging the conviction *and* a claim of the denial of pre-sentence jail-time credit, we will dispose of the claims challenging the conviction on the merits, either granting or denying relief as appropriate, and then dismiss the jail-time credit claim unless that claim is rendered moot by a disposition granting relief on the merits of a claim challenging the conviction.").

DELIVERED:     February 10, 2016
PUBLISH

---

demonstrate that he is being incarcerated past his discharge date; such a claim would "no longer [be] a time credit claim but an illegal confinement claim." 149 S.W.3d at 148 n.2. Applicant was sentenced to sixteen years' confinement on January 14, 2014, roughly two years ago. If his present jail-time credit claim is meritorious, he should have received another two years of credit on his sixteen year sentence. The combination of pre-sentence credit to which Applicant claims he is entitled and the time he has served since the pronouncement of his sentence amounts to far less than sixteen years. Even if his claim is meritorious, then, he has not been incarcerated beyond his legitimate discharge date, and his claim is therefore not presently cognizable in a post-conviction application for writ of habeas corpus under Article 11.07.