

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-18-00280-CR

## IN RE JEREMY PAUL CASTILLO

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

In this original proceeding, Relator Jeremy Paul Castillo has filed a pro se petition for writ of mandamus, seeking an order from this Court directing the Texas Department of Criminal Justice to correctly credit his sentence with the time he spent in jail prior to the imposition of his sentence.[1] However, the appropriate vehicle for the relief he seeks is through a petition for writ of habeas corpus. *See* TEX. GOV'T CODE ANN. § 501.0081(b) (West 2012) (inmate may file application for writ of habeas corpus after exhausting remedies through prison resolution system); *see also Ex parte Ybarra*, 149 S.W.3d 147, 148

---

[1] The petition has numerous procedural deficiencies. It lacks proof of service; a copy of all documents presented to this Court must be served on all parties (*i.e.*, the Texas Department of Criminal Justice as respondent) and must contain proof of service. TEX. R. APP. P. 9.5, 52.2. Additionally, it does not include the certification required by Rule 52.3(j). *Id.* 52.3(j). To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements. *Id.* 2.

n.1 (Tex. Crim. App. 2004) ("The requirement of section 501.0081 is not applicable to mandamus proceedings, since the plain language of the statute states that an applicant is required to exhaust with the Texas Department of Criminal Justice, Correctional Institutions Division, administrative system before filing an application for a writ of habeas corpus."); *see also Ex parte Molina*, 483 S.W.3d 24, 27 (Tex. Crim. App. 2016) (request for *nunc pro tunc* judgment or petition for writ of mandamus may be appropriate when inmate claims judgment inaccurately reflects pre-sentence time served, but claim regarding miscalculation of time by Texas Department of Criminal Justice must be brought in habeas proceeding).

Even if we were to construe Relator's petition as a petition for a writ of habeas corpus, we would have no jurisdiction to consider his request for relief. An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez,* 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b) (West 2015)); *Self v. State,* 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (same). The Court of Criminal Appeals and this court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State,* 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall,* 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.); art. 11.07(3)(b) ("An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the

clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law."). Furthermore, intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal-law matters. *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding). Finally, this Court has no mandamus jurisdiction over the Texas Department of Criminal Justice. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2017).

Because we have no jurisdiction over this matter, we dismiss Castillo's petition for lack of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed September 5, 2018
[CV06]

