In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00109-CR


______________________________




JAMES CORY HICKS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fifth Judicial District Court


 Cass County, Texas


Trial Court No. 2004F0089A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Chief Justice Morriss



O P I N I O N 



 James Cory Hicks was convicted for injury to a disabled individual by omission. See Tex.
Penal Code Ann. § 22.04(a) (Vernon Supp. 2007). We affirmed. (1) The Texas Court of Criminal
Appeals has reversed our decision and Hicks' conviction and remanded the case to us to weigh the
evidence in light of that court's construction of Section 22.04(d) of the Texas Penal Code, defining
how one can be found to have caused injury to a child, elderly individual, or disabled individual, by
omission. Because, under that construction of Section 22.04(d), the evidence is legally insufficient
to support Hicks' conviction, we reverse his conviction and render an acquittal on that charge.

 This case had its inception in late September 2003, when Billy Ray Johnson, a forty-two-
year-old, mentally retarded black man, was invited to a drinking party in rural Cass County,
ostensibly to provide the young (2) white revelers some "entertainment" with his dancing. But the
revelers faced a dilemma when, after a dispute over the type of music being played, Colt Amox
punched Johnson once in the face and knocked him unconscious. Johnson remained unconscious
for hours but did not get medical assistance until the next day. Instead, evidence suggested that, at
Hicks' direction and at some point during the evening, the unconscious Johnson was loaded into the
back of a pickup truck, deposited on the side of a rural road, and left there alone. As a result of the
evening's events, Hicks was charged with and convicted of injuring the disabled Johnson by
omission within the meaning of Section 22.04(a)(3) of the Texas Penal Code.

 A person commits an offense if he or she "by omission causes to a . . . disabled individual
. . . bodily injury," and "(1) the actor has a legal or statutory duty to act; or (2) the actor  has assumed
care, custody, or control of . . . [the] disabled individual." Tex. Penal Code Ann. §§ 22.04(a)(3),
22.04(b) (Vernon Supp. 2007). Since the State does not allege that Hicks had any independent legal
or statutory duty to act on Johnson's behalf, the question in this case is whether Hicks "assumed care,
custody, or control" of Johnson under Section 22.04(b)(2). That question is addressed by subsection
(d):

 [T]he actor has assumed care, custody, or control [of the victim] if he has by act,
words, or course of conduct acted so as to cause a reasonable person to conclude that
he has accepted responsibility for protection, food, shelter, and medical care for a
child, elderly individual, or disabled individual.


Tex. Penal Code Ann. § 22.04(d) (Vernon Supp. 2007). Hicks claims that the evidence was legally
and factually insufficient to prove he assumed care, custody, or control of Johnson on the night in
question. Hicks argues that no "care, custody, or control" can be assumed within the meaning of the
statute unless the actor has, by word or deed, acted in such a way that it would make reasonable
people believe that he or she has accepted responsibility for the victim's "protection, food, shelter,
and medical care." (Emphasis added.) In our original opinion, we disagreed with Hicks and
affirmed his conviction. The Texas Court of Criminal Appeals' subsequent ruling construed Section
22.04(d) in the manner urged by Hicks, reversed our decision, and remanded this case to us to weigh
the evidence in light of that statutory construction.

 In our original opinion we interpreted Section 22.04(d) as a bright-line rule that, once
someone has become, in essence, a caretaker--even informally--for one of the listed vulnerable
individuals, he or she cannot then escape responsibility for the individual by arguing he or she has
not assumed that individual's care, custody, or control. We interpreted the statute to provide that a
criminal defendant--even if he or she did not come within subsection (d) by acting or speaking in
such a way that reasonable people would believe that he or she had assumed responsibility to provide
protection, food, shelter, and medical care for such a vulnerable person--could have assumed
custody or control of someone, within the terms of subsection (b)(2) and the ordinary meaning of
the words "custody or control," and thus be potentially responsible for injuring that vulnerable person
by omission.

 The construction of subsection (d) by the Texas Court of Criminal Appeals establishes a
different meaning for the statutory scheme. In light of that construction, a defendant cannot properly
be convicted under Section 22.04(a), by assuming "care, custody, or control" of a listed vulnerable
individual, unless the defendant "by acts, words, or course of conduct acted" in such a way that a
reasonable person would conclude he or she "has accepted responsibility for protection, food, shelter,
and medical care" for the individual in question. (3) In other words, assuming (as is true here) that the
defendant was not alleged to have any legal or statutory duty to act as provided by subsection (b)(1)
and therefore could be responsible only under subsection (b)(2), if that defendant merely takes
physical control of a disabled individual--as the jury apparently believed Hicks had done--and then
fails to provide needed medical care for that individual--again as the jury believed Hicks had
done--those facts alone would not establish a violation. Unless that defendant also satisfied
subsection (d), he or she would not have "assumed care, custody, or control" of the disabled
individual within the meaning of the statutory scheme and therefore would not have subjected
himself or herself to possible criminal liability under Section 22.04 of the Texas Penal Code.

 This Court is bound by controlling authority from the Texas Court of Criminal Appeals. See
Mapes v. State, 187 S.W.3d 655, 666 (Tex. App.--Houston [14th Dist.] 2006, pet. ref'd); Sierra v.
State, 157 S.W.3d 52, 60 (Tex. App.--Fort Worth 2004), aff'd, 218 S.W.3d 85 (Tex. Crim. App.
2007). The higher court's construction of the statute is binding on us, constraining us to find the
evidence legally insufficient to support Hicks' conviction for injury by omission, because there is no
evidence that Hicks did or said anything that would make anyone believe he was assuming
responsibility for Johnson's "protection, food, shelter, and medical care." The record contains ample
evidence that Hicks acted to control what was to be done with the unconscious Johnson, but no
evidence shows any word or deed of Hicks appearing to assume responsibility for Johnson's
protection, food, shelter, or medical care.

 For that reason, we reverse the judgment of the trial court and render a judgment of acquittal.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 15, 2008

Date Decided: July 16, 2008


Do Not Publish
1. For a more complete account of the case's background, including Hicks' conviction and his
earlier acquittal on two other counts, please see our original opinion. See Hicks v. State, 183 S.W.3d
869 (Tex. App.--Texarkana 2006), rev'd & remanded, 241 S.W.3d 543 (Tex. Crim. App. 2007).
2. The party-goers' ages ranged from late teens to early twenties.
3. The definition of "care, custody, or control" in subsection (d) requires a finding that the
evidence was insufficient to sustain Hicks' conviction. The statute's language sets a very high
threshold to establish when care, custody or control have been assumed. Subsection (d) says that
"the actor has assumed care, custody, or control" of a certain individual by acting or speaking so as
"to cause a reasonable person to conclude that he has accepted responsibility for protection, food,
shelter, and medical care" for that individual. Tex. Penal Code Ann. § 22.04(d) (emphasis added). 
As earlier presented to the Texas House, the language which ultimately became subsection (d) listed
matters comprising evidence of care, custody or control in the disjunctive, providing that care,
custody, or control has been assumed if the words or conduct would allow a reasonable person to
conclude "that the actor has accepted responsibility for protection, clothing, food, shelter, or medical
care" for the vulnerable individual. See Tex. H.B. 1510, 71st Leg., R.S. (1989) (emphasis added).