

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-05-00109-CR

_____

JAMES CORY HICKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Fifth Judicial District Court
Cass County, Texas
Trial Court No. 2004F0089A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

James Cory Hicks was convicted for injury to a disabled individual by omission. *See* TEX. PENAL CODE ANN. § 22.04(a) (Vernon Supp. 2007). We affirmed.[1] The Texas Court of Criminal Appeals has reversed our decision and Hicks' conviction and remanded the case to us to weigh the evidence in light of that court's construction of Section 22.04(d) of the Texas Penal Code, defining how one can be found to have caused injury to a child, elderly individual, or disabled individual, by omission. Because, under that construction of Section 22.04(d), the evidence is legally insufficient to support Hicks' conviction, we reverse his conviction and render an acquittal on that charge.

This case had its inception in late September 2003, when Billy Ray Johnson, a forty-two-year-old, mentally retarded black man, was invited to a drinking party in rural Cass County, ostensibly to provide the young[2] white revelers some "entertainment" with his dancing. But the revelers faced a dilemma when, after a dispute over the type of music being played, Colt Amox punched Johnson once in the face and knocked him unconscious. Johnson remained unconscious for hours but did not get medical assistance until the next day. Instead, evidence suggested that, at Hicks' direction and at some point during the evening, the unconscious Johnson was loaded into the back of a pickup truck, deposited on the side of a rural road, and left there alone. As a result of the

---

[1]For a more complete account of the case's background, including Hicks' conviction and his earlier acquittal on two other counts, please see our original opinion. *See Hicks v. State*, 183 S.W.3d 869 (Tex. App.—Texarkana 2006), *rev'd & remanded*, 241 S.W.3d 543 (Tex. Crim. App. 2007).

[2]The party-goers' ages ranged from late teens to early twenties.

evening's events, Hicks was charged with and convicted of injuring the disabled Johnson by omission within the meaning of Section 22.04(a)(3) of the Texas Penal Code.

A person commits an offense if he or she "by omission causes to a . . . disabled individual . . . bodily injury," and "(1) the actor has a legal or statutory duty to act; or (2) the actor has assumed care, custody, or control of . . . [the] disabled individual." TEX. PENAL CODE ANN. §§ 22.04(a)(3), 22.04(b) (Vernon Supp. 2007). Since the State does not allege that Hicks had any independent legal or statutory duty to act on Johnson's behalf, the question in this case is whether Hicks "assumed care, custody, or control" of Johnson under Section 22.04(b)(2). That question is addressed by subsection (d):

> [T]he actor has assumed care, custody, or control [of the victim] if he has by act, words, or course of conduct acted so as to cause a reasonable person to conclude that he has accepted responsibility for protection, food, shelter, and medical care for a child, elderly individual, or disabled individual.

TEX. PENAL CODE ANN. § 22.04(d) (Vernon Supp. 2007). Hicks claims that the evidence was legally and factually insufficient to prove he assumed care, custody, or control of Johnson on the night in question. Hicks argues that no "care, custody, or control" can be assumed within the meaning of the statute unless the actor has, by word or deed, acted in such a way that it would make reasonable people believe that he or she has accepted responsibility for the victim's "protection, food, shelter, *and* medical care." (Emphasis added.) In our original opinion, we disagreed with Hicks and affirmed his conviction. The Texas Court of Criminal Appeals' subsequent ruling construed Section

3

22.04(d) in the manner urged by Hicks, reversed our decision, and remanded this case to us to weigh the evidence in light of that statutory construction.

In our original opinion we interpreted Section 22.04(d) as a bright-line rule that, once someone has become, in essence, a caretaker—even informally—for one of the listed vulnerable individuals, he or she cannot then escape responsibility for the individual by arguing he or she has not assumed that individual's care, custody, or control. We interpreted the statute to provide that a criminal defendant—even if he or she did not come within subsection (d) by acting or speaking in such a way that reasonable people would believe that he or she had assumed responsibility to provide protection, food, shelter, *and* medical care for such a vulnerable person—could have assumed custody or control of someone, within the terms of subsection (b)(2) and the ordinary meaning of the words "custody or control," and thus be potentially responsible for injuring that vulnerable person by omission.

The construction of subsection (d) by the Texas Court of Criminal Appeals establishes a different meaning for the statutory scheme. In light of that construction, a defendant cannot properly be convicted under Section 22.04(a), by assuming "care, custody, or control" of a listed vulnerable individual, unless the defendant "by acts, words, or course of conduct acted" in such a way that a reasonable person would conclude he or she "has accepted responsibility for protection, food, shelter, and medical care" for the individual in question.[3] In other words, assuming (as is true here) that the

_____

[3]The definition of "care, custody, or control" in subsection (d) requires a finding that the evidence was insufficient to sustain Hicks' conviction. The statute's language sets a very high

4

defendant was not alleged to have any legal or statutory duty to act as provided by subsection (b)(1) and therefore could be responsible only under subsection (b)(2), if that defendant merely takes physical control of a disabled individual—as the jury apparently believed Hicks had done—and then fails to provide needed medical care for that individual—again as the jury believed Hicks had done—those facts alone would not establish a violation. Unless that defendant also satisfied subsection (d), he or she would not have "assumed care, custody, or control" of the disabled individual within the meaning of the statutory scheme and therefore would not have subjected himself or herself to possible criminal liability under Section 22.04 of the Texas Penal Code.

This Court is bound by controlling authority from the Texas Court of Criminal Appeals. *See Mapes v. State*, 187 S.W.3d 655, 666 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007). The higher court's construction of the statute is binding on us, constraining us to find the evidence legally insufficient to support Hicks' conviction for injury by omission, because there is no evidence that Hicks did or said anything that would make anyone believe he was assuming

---

threshold to establish when care, custody or control have been assumed. Subsection (d) says that "the actor has assumed care, custody, *or* control" of a certain individual by acting or speaking so as "to cause a reasonable person to conclude that he has accepted responsibility for protection, food, shelter, *and* medical care" for that individual. TEX. PENAL CODE ANN. § 22.04(d) (emphasis added). As earlier presented to the Texas House, the language which ultimately became subsection (d) listed matters comprising evidence of care, custody or control in the disjunctive, providing that care, custody, or control has been assumed if the words or conduct would allow a reasonable person to conclude "that the actor has accepted responsibility for protection, clothing, food, shelter, *or* medical care" for the vulnerable individual. *See* Tex. H.B. 1510, 71st Leg., R.S. (1989) (emphasis added).

5

responsibility for Johnson's "protection, food, shelter, *and* medical care." The record contains ample evidence that Hicks acted to control what was to be done with the unconscious Johnson, but no evidence shows any word or deed of Hicks appearing to assume responsibility for Johnson's protection, food, shelter, *or* medical care.

For that reason, we reverse the judgment of the trial court and render a judgment of acquittal.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 15, 2008
Date Decided:      July 16, 2008

Do Not Publish