

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-366-07

**MICHAEL REED, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BRAZOS COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, and COCHRAN, JJ., joined. COCHRAN, J., filed a concurring opinion in which WOMACK, J., joined. KELLER, P.J., concurred. KEASLER, HERVEY and HOLCOMB, JJ., dissented.

### O P I N I O N

After a trial by jury, appellant was convicted of one count of deadly conduct and one count of misdemeanor assault. Only the deadly-conduct conviction is before us on the state's petition for discretionary review. For that offense, the trial court imposed a sentence of four years' incarceration, probated for eight years, and a $2,000 fine. The court of appeals reversed the trial court's judgment of conviction on the deadly-conduct offense and rendered a judgment of acquittal. *Reed v. State*, 214

S.W.3d 626 (Tex. App.–Waco 2006). We granted the sole issue in the state's petition for discretionary review. We affirm the judgment of the court of appeals.

FACTS

Appellant and his twin brother, Christopher, had a dispute about Christopher wanting to install a deadbolt lock on a bedroom door in the home they shared. The deadbolt-lock dispute continued when appellant returned home on a break from his work as a security guard. The dispute escalated, and the brothers wrestled, with a baton and pool cue being used. At some point, appellant drew his work firearm. During the struggle, appellant fired the gun into the hallway wall. *Reed, supra*, 214 S.W.3d at 627.

THE APPEAL

On direct appeal, appellant claimed that the evidence was legally insufficient to convict him of deadly conduct as alleged in the indictment. The court of appeals held that a rational trier of fact could not have found the essential elements of deadly conduct beyond a reasonable doubt. *Id*. at 628. It noted that, in the context of appellant's charging instrument, "a person commits the offense of deadly conduct by knowingly discharging a firearm at or in the direction of a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied." *Id*. Pointing out that the penal code does not define the phrase "at or in the direction of," it also held that "'discharging a firearm at or in the direction of a habitation' assumes that the actor is outside the habitation." *Id*. Because the evidence showed that appellant was inside his home when he discharged the firearm, the court of appeals reasoned that the evidence was insufficient to sustain the deadly-conduct conviction and rendered a judgment of acquittal on that offense. *Id*. at 628-29.

The state's sole ground for review asks, "Did the Court of Appeals err in holding that the evidence was legally insufficient to prove that Appellant discharged a firearm 'at or in the direction of a habitation?'" The state asserts that the court of appeals's "interpretation of the phrase 'at or in the direction of' places far too narrow [a] definition upon the phrase to be used in connection with TEX. PENAL CODE § 22.05(b)(2)." (State's Brief, p. 3)

The deadly-conduct count of appellant's indictment alleged that he knowingly discharged a firearm at or in the direction of a habitation and was then and there reckless as to whether the habitation was occupied. The jury charge likewise required the jury to find beyond a reasonable doubt that appellant had done those things before it could find him guilty of deadly conduct as alleged in the indictment.

Appellant argues that the court of appeals correctly held that the phrase "at or in the direction of" a habitation in § 22.05(b) requires the actor to be outside the habitation to commit an offense under that provision; that result is compelled by the plain language of the statute and the rules of statutory construction, which require courts to give effect to the intent of the legislature by reading, in context, the words chosen by the legislature. He also argues that the court of appeals properly construed the words in the context of § 22.05(b), while the state focuses upon the words in isolation.

The state cites language from the Tyler Court of Appeals, discussing one of the parties' briefs in an unrelated case; "It is less than definite than 'in' or 'on'; 'at' the house may be 'in' or 'near' the house." *Camp v. State*, 925 S.W.2d 26, 29 n.1 (Tex. App.–Tyler 1995, pet. ref'd). But the quoted language was *obiter dictum* because *Camp* involved a defendant accused of aggravated assault by pointing a firearm "toward" a peace officer rather than an allegation of discharging a firearm "at or in the direction of" a habitation.

The state argues that the "at or in the direction of" plain language of § 22.05(b)(2) includes discharging a firearm inside a house. The state asserts that "the statute's plain language shows that it seeks to proscribe conduct that exposes a potential victim to serious bodily injury due to the discharge of a firearm." (State's Brief, p. 13) The state also chastises the court of appeals for its footnoted comment that "[i]t appears the purpose of adding this offense to the statute was to increase the penalties for drive-by shootings." *Roberts v. State*, 214 S.W.3d at 628, n.1. However, we observe that the footnoted comment was not a basis for the court of appeals's conclusion. Rather, the court of appeals explicitly stated that it made its determination by considering the common usage of the "at or in the direction of a habitation" terminology in the context of the charging instrument. *Id*. at 628. Thus the court of appeals did conduct the requisite plain-language and plain-meaning analysis that the state seeks. The court of appeals did not resort to extra-textual factors in interpreting the statute. It did, however, point out that, pursuant to TEX. GOV'T CODE § 311.011(a), "in addition to construing words and phrases of a statue according to the rules of grammar and common usage, reviewing courts must read the statute in context." *Reed*, *supra*, at 628.[1] The state simply disagrees with the court of appeals's construction of the meaning of the phrase "at or in the direction of" in the context of this case.

As both the state and appellant acknowledge, we construe a statute to give effect to its plain meaning, unless that statutory language is ambiguous or would lead to absurd results. *Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991); *see also*, *Hicks v. State*, 241 S.W.3d 543,

---

[1] § 311.011(a) states, "Words and phrases shall be read in context and construed according to the rules of grammar and common usage."

545-46 (Tex. Crim. App. 2007). The court of appeals construed the term "at or in the direction of a habitation" to assume that the actor is outside the habitation. *Reed*, *supra*, 214 S.W.3d at 628.

The plain language of § 22.05(b)(2) delineates behavior that constitutes a criminal offense: a person discharges a firearm at or in the direction of a habitation. The plain meaning of the phrase "at or in the direction of a habitation," contemplates that the firearm was discharged from some location other than the habitation itself. We cannot conclude that such language is ambiguous. Nor can we conclude that such a construction leads to an absurd result; there is no absurdity in requiring the discharging of a firearm "at or in the direction of a habitation" be done from outside of the habitation. The legislature did not include, within the definition of the charged offense, language that would criminalize the discharging of a firearm "inside" a habitation. The legislature's choice not to include such language, which could have easily been added to the statute, indicates the legislature's intent not to bring such conduct within the purview of this offense.

We conclude that the court of appeals did not err in holding that the evidence was legally insufficient. We therefore overrule the state's ground for review and affirm the judgment of the court of appeals.

Delivered: October 29, 2008
Publish