YOUNGBLOOD v. HOEFFLE.    (No. 8809.)

(Court of Civil Appeals of Texas. Ft. Worth. March 2, 1918.)

1. PARENT AND CHILD ⬅➡14 — TRANSACTIONS BETWEEN STEPFATHER AND STEPDAUGHTER.

Neither the relationship of stepdaughter and stepfather nor the fact that the stepdaughter lived in the stepfather's home and that he bought her certain items of clothing, books, and scholarship in a business college, etc., would deprive her of the right of ownership in money loaned him by her.

2. INFANTS ⬅➡28—GIFTS—ACCEPTANCE.

An infant is capable of being a donee of property, and in a case of a gift to an infant no formal acceptance is necessary, but if the gift is for his advantage, the law accepts it for him, and will hold the donor bound; while, if the gift is not for the infant's advantage, the law will repudiate it, at his instance, even though he in terms has accepted it.

3. INFANTS ⬅➡31(1) — PURCHASE OF PERSONALTY.

A purchase of personalty by an infant is voidable at his option, but the adult seller cannot avoid the transaction.

4. FRAUDULENT CONVEYANCES ⬅➡96(1)—GIFT BY FATHER TO MINOR CHILD—SOLVENCY.

A gift of personal property by a father to a minor child, at a time when the father is solvent, is valid even as against a creditor.

5. PARENT AND CHILD ⬅➡14—STEPCHILDREN —GIFTS.

As respects a stepdaughter's right to money given or paid her by her stepfather for services rendered, and by her loaned to him, it is immaterial whether she had been emancipated by him, or whether, under the circumstances, he was in loco parentis to her and entitled to her services.

6. PARENT AND CHILD ⬅➡14—EMANCIPATION.

Emancipation of a stepdaughter by her stepfather does not necessarily make her liable for board and for clothing purchased by him while she was living with him, where there was no understanding by either that a charge was to be made therefor.

7. APPEAL AND ERROR ⬅➡1052(5), 1056(4), 1068(1) — HARMLESS ERROR—EVIDENCE—INSTRUCTIONS.

If the verdict of the jury is the only proper verdict that could have been returned under the evidence, any errors shown as to the admission of testimony, or the giving or refusal of instructions, etc., are harmless, and do not constitute an error for reversal.

Appeal from Tarrant County Court; Geo. E. Hosey, Judge.

Action by Lillie Hoeffle against F. J. Youngblood. From judgment for plaintiff, defendant appeals. Affirmed.

Graves & Houtchens, of Ft. Worth, for appellant. Mays & Mays, of Ft. Worth, for appellee.

BUCK, J. [1-5] The fact that plaintiff below, appellee here, was the stepdaughter of defendant and lived in his home, and that defendant bought her certain items of clothing, books, and a scholarship in a business college, etc., would not deprive her of the right of ownership in the money which she alleged she had loaned defendant and for which she sued. She testified that a part of this money was given her by her mother, and that the rest of it she earned by working for her stepfather in his factory; that he paid her weekly wages, and demanded in return that she pay board. An infant is capable of being a donee of property. In a case of a gift to an infant no formal acceptance is necessary, but if the gift is for his advantage, the law accepts it for him, and will hold the donor bound; while, if the gift is not for the infant's advantage, the law will repudiate it, at his instance, even though he in terms has accepted it. 22 Cyc. 530. A purchase of personalty by an infant is also voidable at his option, but the adult seller cannot avoid the transaction. 22 Cyc. 529. A gift of personal property by the father to a minor child, at a time when the father is solvent, will be upheld even as against a creditor. A fortiori the gift will be valid as between donor and donee. Hillebrant v. Brewer, 6 Tex. 45, 50, 55 Am. Dec. 757, Manley v. Culver, 20 Tex. 143, and other cases cited in 1 Rose's Notes on Tex. Rep. p. 210. The fact that the stepfather paid the stepdaughter wages, especially when connected with the circumstance that he demanded of her and received from her payment for board, is, we think, amply sufficient to support the conclusion reached by the jury and the trial court that the stepfather intended a delivery of the money and intended to part with the title thereto. This conclusion renders immaterial the questions: (1) Whether

the stepfather, under the circumstances shown, was in loco parentis to his stepdaughter; (2) whether the evidence shows the stepdaughter had been emancipated by the stepfather, which the jury found in answer to a special issue submitted. We do not believe such finding is essential to support the judgment rendered. Hence we overrule appellant's first, second, and third assignments. We do not think the authorities cited by appellant in support of these three assignments are pertinent to the real issue involved in this case. We recognize the rule that, while a stepfather is not entitled to the earnings of his stepchild simply by reason of their relation, and neither is he liable for such support and maintenance of stepchild, yet when the father receives his minor stepchild into his family and treats it as a member thereof, he stands in the place of a natural parent, and the reciprocal rights, duties, and obligations of a parent and child continue as·long as such relation continues, as contended for by appellant. The case of Schrimpf, Adm'x, v. Settegast et al., 36 Tex. 296, cited by appellant, merely holds that the presumption of a contract of hiring and an obligation to pay, arising by reason of services rendered, may be overcome by proof of facts or circumstances showing that neither party contemplated such a contract or obligation; that when a person, through kindness or charity, has received an orphan child into his family, and treats it as a member of his family, he stands toward it in loco parentis so long as it remains in his family; and he is bound for the maintenance, care, and education of such child, and is entitled to its services without other compensation, unless he has otherwise stipulated. We think this case correctly states the law with reference to the facts there shown, but that it is not applicable to the facts disclosed in the instant case. In certain other cases cited, for instance, Eickhoff v. Railway Co., 106 Mo. App. 541, 80 S. W. 966, it has been held that a stepfather who assumes the relation of a father to a stepson by taking him into his family and treating him as a son is entitled to the proceeds of the boy's labor, and entitled to sue for the loss of his services. We concur in this announcement, but we do not think it is applicable to a case where the stepfather has given or paid to the stepchild money for services rendered, and where it is shown that he borrowed the money for which suit is brought.

[6] We do not think any error is shown, as contended in the fourth assignment, by reason of the overruling of defendant's motion for a new trial. Appellant argues that, if the stepdaughter had been emancipated by her stepfather, which the jury found, then necessarily she was liable for board for the period of some 27 weeks and for clothing, etc., purchased by her stepfather. We do not think such deduction is required by the

facts shown. There was no contention made in the evidence, even in the testimony of appellant himself, that in furnishing appellee the board, clothing, scholarship, etc., for which he sought a recovery that either party understood that a charge was to be made by appellant against appellee therefor. The testimony of appellant is contrary to such conclusion. He testified:

"She was living at my house, and did live with me all the time that her mother and I lived together, and I treated her just as if she was my own daughter. * * * From October, 1914, to May 4, 1915, Lillie lived at my house, and I treated her just the same as I had always been doing since I married her mother, and she did not pay me any board during that time from October 27, 1914, to May 4, 1915."

While he did testify that he charged her for board during the 27 weeks, yet he did not testify as to any contract on her part to pay board, nor is it disclosed when he charged her for board, whether at the time she was an inmate of his house or after the separation of her mother and appellant, and after appellee filed suit against him. He further testified:

"I was married to Mrs. Hoeffle six years and two or three months, and we were divorced, I think, in May, 1916. Lillie got money whenever she wanted it; the way was open to her and her mother at all times, although there was no particular arrangement about the girl getting money any particular time. I did not keep account of how much she got. I supported her as the best I could just the same as if she was my own child."

It is further disclosed in appellant's testimony that during the time for which he sought to recover board of appellee he and Mrs. Youngblood occupied different parts of the house, and the daughter lived with her mother, and that he paid for the groceries. He further testified:

"I cannot say whether I paid out $5 or $50 for this girl in 1914."

[7] We think the testimony to the admission of which the fifth assignment is directed was inadmissible, and was of a nature reasonably calculated to prejudice the rights of appellant, if the record did not disclose that the judgment rendered was the only proper judgment which could have been rendered under the facts shown. Also we are of the opinion that the language of the counsel for appellee in his argument to the jury was extremely improper, and were it not for our conclusion that the record requires an affirmance by us of the judgment rendered, irrespective of any effect which may have been made on the minds of the jury by this language, we would feel compelled to sustain both the fifth and sixth assignments, and reverse the judgment. Although it appears that the trial court, upon objection being made to the language used by counsel for appellee in his argument, stopped counsel and instructed the jury not to consider the remarks made, but to wholly disregard same, and instructed counsel not to indulge in such

remarks further, which was not done, yet the conduct of counsel for appellee, both in asking the question objected to and in using the language complained of, was so palpably an effort to inject into the case issues which were improper, and reasonably calculated to prejudice the jury against the appellant, that we would feel compelled to reverse and remand the case if it were not for our conclusions already stated that the judgment rendered is the only judgment that should have been rendered under the facts. If the verdict of the jury is the only proper verdict that could have been returned under the evidence, any errors shown as to the admission or exclusion of testimony, or the giving or refusal of instructions, etc., are harmless, and do not constitute an error for reversal. Worthington v. Wade, 82 Tex. 26, 17 S. W. 520; Railway Co. v. Gill, 86 Tex. 284, 287, 24 S. W. 502; Browning v. Pumphrey, 81 Tex. 163, 169, 16 S. W. 870.

All assignments are overruled, and the judgment is affirmed.