**STATE of Iowa, Plaintiff–Appellant,**

v.

**Joel Lawrence FRIEND,
Defendant–Appellee.**

**No. 00–1027.**

Court of Appeals of Iowa.

April 11, 2001.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Victoria Siegel, County Attorney, and Mark Tremmel, Assistant County Attorney, for appellant.

Robert E. Breckenridge of Johnson, Hester, Walter & Breckenridge, L.L.P., Ottumwa, for appellee.

Heard by STREIT, P.J., and HECHT and VAITHESWARAN, JJ.

VAITHESWARAN, Judge.

A grandfather traveled to Iowa with his young grandson. While here, the grandson and grandfather rode in a truck driven by Joel Friend, the child's uncle. An officer stopped the truck for traffic violations, observed signs of intoxication in Friend, and arrested him for operating a motor vehicle while intoxicated. The State charged Friend with OWI and child endangerment. Iowa Code §§ 321J.2(1)(a), (2)(a); 726.6 (1999). Friend moved to dismiss the latter charge on the ground he was not a parent, guardian, or person having custody or control of the child as required by Iowa Code section 726.6. Because the facts were essentially undisputed, the district court treated the motion as a motion for adjudication of law points. The court struck the child endangerment charge from the trial information after concluding Friend did not fall within the class of persons who could be charged with the crime. We disagree with the court's conclusion and, accordingly, reverse and remand.

### I. Scope of Review

Our review of a ruling on a motion for adjudication of law points is for errors of law. *State v. Maher*, 618 N.W.2d 303, 305 (Iowa 2000).

### II. Control Under Child Endangerment Statute

Iowa Code section 726.6 states in pertinent part:

A person who is the parent, guardian, or person having custody or control over a child or a minor under the age of eighteen with a mental or physical disability, commits child endangerment when the person does any of the following:

a. Knowingly acts in a manner that creates a substantial risk to a child or

minor's physical, mental or emotional health or safety.

The sole issue we must decide is whether Friend had "control" over his young passenger.[1] We conclude he did.

 Iowa Code chapter 726 does not define "control" or explain what distinguishes "control" from "custody."[2] However, the Iowa Supreme Court has provided guidance in construing both terms. In *State v. Johnson*, 528 N.W.2d 638 (Iowa 1995), the court was asked to decide the meaning of "custody" in Iowa Code section 726.3, a related provision addressing harm to children or other dependent persons. *Johnson*, 528 N.W.2d at 640. The court stated "legal custody" was a narrower term than "custody," which, in turn, was narrower than "control." *Id.* Comparing section 726.3 to 726.6, the court stated:

> [A]n individual could have "control" over a child without also having ordinary custody of a child. "Control" only refers to the state of having restricting or governing power over someone, while "custody" implicates not only a power of oversight but also a responsibility for the care of an individual.

*Id.* at 641. Under this definition, a person need not have responsibility for a child to exert control over that child. Therefore, Iowa Code section 726.6 encompasses conduct by persons other than legal or ordinary custodians.

This conclusion is supported by the historical evolution of Iowa Code section 726.6. *See Johnson*, 528 N.W.2d at 641 (stating we may look to prior form of statute to discern legislative intent). Before 1985, the provision applied to "[a] person who is the parent or adoptive parent or any person having custody of any minor." *See* Iowa Code § 726.6 (1983). In 1985, the legislature amended the provision to add the term "control." Iowa Code § 726.6. By virtue of this amendment, the legislature expressed a clear legislative intent to extend the coverage of Iowa Code section 726.6.

Having concluded the reach of Iowa Code section 726.6 is broad, we further conclude the provision encompasses Friend's act of driving the vehicle in which his young nephew was a passenger. Although Friend was not charged with overseeing his nephew's welfare while in Iowa, he was in control of the truck immediately before the officer stopped it. *Cf. Schwind v. Gibson*, 220 Iowa 377, 385, 260 N.W. 853, 858 (1935) (stating negligence of driver could not be imputed to guest riding in car who has no control or right to control operation of car). Therefore, he was also in "control" of his nephew for purposes of Iowa Code section 726.6.

For these reasons, we reverse the district court's ruling striking the child endangerment charge from the trial information and remand for further proceedings.

**REVERSED AND REMANDED.**

---

1. The parties agree that Friend was not the parent, guardian, or person having legal or ordinary custody over the child. The parties also agree in principle that, under the holding of *State v. Caskey*, 539 N.W.2d 176, 177 (Iowa 1995), certain intoxicated persons who drive a car containing children would be guilty of child endangerment. *Cf. State v. Cruz*, 152 Misc.2d 436, 576 N.Y.S.2d 978, 981 (1991) (noting "it takes little imagination" to recognize harm to children implicit in driving them while intoxicated).

2. The 2001 Code, not applicable here, amends Iowa Code section 726.6 to define "person having control over a child or a minor" in part as a "person who operates a motor vehicle with a child or such a minor present in the vehicle." This provision answers for future cases the precise issue facing us here. *See* S.F. 63, 79th Gen. Assem., (Ia.2001).