NO. 07-07-0141-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

OCTOBER 16, 2007
_____

DANIEL REY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16837-0606; HON. ED SELF, PRESIDING
_____

***Opinion on Motion for Reconsideration En Banc***
_____

Before the Court EN BANC

A majority of the en banc court orders en banc reconsideration of the court's prior opinion. *See* TEX. R. APP. P. 49.7. Accordingly, we withdraw the panel's opinion and judgment and substitute the following.

Daniel Rey appeals his conviction for abandoning or endangering a child, contending that the evidence is legally and factually insufficient to support it. We reverse the judgment.

*Background*

Appellant was married to Michelle Morales with whom he fathered a one-year-old daughter. Morales also had a three-year-old son from a prior relationship. Appellant had been separated from Morales since November 2005, however. She lived in Plainview while he lived in Muleshoe. On February 23, 2006, appellant phoned Morales and told her he was going to visit. He arrived at her apartment around 12:30 a.m. and heard his daughter crying. Through the window, he could also see his stepson, but, when he knocked on the door, no one answered. At that point, the three-year-old boy informed appellant that his mother was not there. In response, appellant broke the front window to obtain access to the abode, took his daughter from the apartment, and drove her to Muleshoe. He claimed he left the boy with a neighbor. However, the neighbor in question, Ramira Gamboa, testified that he found the boy standing outside the second floor apartment near the broken glass dressed only in jeans and a shirt (no shoes or socks) on the cold night screaming for his father. Gamboa brought the child into his apartment. A subsequent investigation of Morales' apartment uncovered no one else present.

*Applicable Law*

A person commits the offense for which appellant was convicted if, having custody, care, or control of a child younger than 15 years, he intentionally abandons the child in any place under circumstances that expose the child to an unreasonable risk of harm. TEX. PEN. CODE ANN. §22.041(b) (Vernon Supp. 2006). To abandon means to leave a child in any place without providing the youth reasonable and necessary care, under circumstances which no reasonable similarly situated adult would leave a child of that age

2

and ability.  *Id.* §22.041(a).  The issue before us involves the element of custody, care, or control.  Appellant asserts that there is no evidence he had such over his stepson.

While §22.041 does not define "custody, care, or control," the preceding section of the Penal Code involving injury to a child does.  It provides that one has assumed care, custody, or control "if he has by act, words, or course of conduct acted so as to cause a reasonable person to conclude that he has accepted responsibility for protection, food, shelter, and medical care for a child . . . ."  *Id.* §22.04(d); *Hawkins v. State,* 891 S.W.2d 257, 258-59 (Tex. Crim. App. 1994).  Thus, the duty does not have to be one imposed under the Family Code to fall within the penal provision as appellant argues.  *Hawkins v. State,* 891 S.W.2d at  258-59.

*Application of Law to Facts*

The record before us reveals that appellant was still married to the child's mother at the time of the incident and that he had cared for the child in the past.  So too had he acknowledged to a worker for Child Protective Services (CPS) that he had been a part of the child's life.[1]  Thus, evidence existed contradicting appellant's representation that he had not "fostered [a] familial relationship with the child" in the past.  Yet, we cannot ignore that appellant lived elsewhere, not with his estranged wife and the two children, and that he had been separated from his wife for approximately three months.  Nor can we ignore that appellant was not the father of the child he left behind but the stepfather.

The parties have cited us to no cases suggesting that a stepparent who no longer lives in the household has the obligation of custody or assumed the responsibility to care

---

[1]The reason given by appellant for not taking his stepson with him was that he was not the boy's father and he was afraid his wife would file charges on him.

3

and control over stepchild simply because he may be a stepparent. Nor is there evidence that appellant provided any type of financial, medical, or physical support for the stepchild either before or after appellant moved to Muleshoe.

That appellant's conduct was reprehensible is beyond dispute. But, if anything, it evinced a complete disregard for the stepchild. Again, he saw the two children alone in the house but entered only to secure his own child. The other simply was left behind to fend for himself, according to the evidence accepted by the jury. While such conduct may arguably evince activity potentially criminal under §22.041(c) of the Texas Penal Code (criminalizing an action or omission that exposes a child under 15 to imminent danger of death, bodily injury or physical or mental impairment), that is not the provision under which the State opted to prosecute him. Instead, it chose a penal statute that obligated it to prove he first assumed the care, custody, or control of the child and then abandoned the youth.[2]

Simply put, the record is bereft of any evidence illustrating that appellant accepted the responsibility to protect, shelter, feed and care for the three-year-old. This is of import because the status of stepparent alone does not obligate the stepparent to care for his stepchild. Rather, the stepparent must "receive" the child into the family or accept the child as a family member before such obligations arise. *McGee v. McGee*, 936 S.W.2d 360, 369 (Tex. App.–Waco 1996, writ denied); *Youngblood v. Hoeffle*, 201 S.W. 1057, 1058

---

[2]Interestingly, we note the similarity between the test used in §22.041(b) and that applied in cases involving the possession of drugs. Like the former, the latter also requires proof that the drugs were in the care, custody, or control of the accused as a prerequisite to conviction. *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). If one was to substitute drugs for the three-year-old, a rational jury would be hard-pressed to conclude that appellant possessed the contraband simply because he entered the home to remove the child from its presence.

4

(Tex. Civ. App.–Fort Worth 1918, no writ). When that occurs, the parent stands *in loco parentis* towards the child, and the relationship with its accompanying duties continues as long as the child remains part of the family. *Id*. Here, the record fails to disclose that appellant received the three-year-old into the family. Nor do we know whether any relationship of *in loco parentis* which may have arisen continued after appellant and his wife became estranged and appellant moved away months earlier. That the child may have called for his father or daddy after appellant left does not fill the void for we would have to assume that the child not only referred to appellant but also came to call appellant his father because appellant treated him like a family member. But, again, the record lacks evidence establishing either circumstance. Similarly deficient is that evidence indicating appellant was part of the child's "life." Whether that meant providing for and protecting the youth or merely being present from time to time goes unmentioned, and without evidence describing what the witness meant when using that term we can only consider the phrase too innocuous to constitute any evidence of appellant treating the three-year-old as part of the family.

Irrespective of the reason underlying the State's decision to invoke §22.041(b) as opposed to §22.041(c), it chose the former. Thus, it was required to prove each element of the offense. It failed in this regard by omitting to establish the element of appellant's accepting the responsibility for care, custody, or control of the three-year-old. So, when read in a light most favorable to the verdict, the record contains no evidence upon which a rational jury could conclude beyond reasonable doubt that appellant committed the offense described in §22.041(b) of the Penal Code. *See Hooper v. State*, 214 S.W.3d 9,

5

13 (Tex. Crim. App. 2007) (discussing the applicable standard of review).  And, we have no choice but to reverse the judgment of the trial court and render judgment acquitting appellant of that offense.


Brian Quinn
Chief Justice

Publish.