IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0154-06






JAMES COREY HICKS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


 CASS COUNTY





 Keasler, J., delivered the opinion of the Court in which Keller, P.J., and Price,
Womack, Johnson, Hervey, and Cochran, JJ., joined. Holcomb, J., concurred. 
Meyers, J., did not participate. 


O P I N I O N 



 James Corey Hicks was convicted of injury to a disabled individual by omission. (1) The
court of appeals affirmed the conviction, holding that "possession" (2) equated to "care, custody,
or control" under Section 22.04(d), and that the evidence was legally and factually sufficient
to prove that Hicks assumed a duty of "care, custody, or control" over the victim. (3) We hold
that the court erred by expanding the language of Section 22.04(d) and reverse and remand this
case to the court of appeals.

Factual and Procedural Background

 On September 28, 2003, Billy Ray Johnson, a forty-two-year-old mentally retarded
man, attended a party in a pasture near Linden, Texas. As the party progressed into the early
morning hours, a disagreement arose between Johnson and Christopher Colt Amox about the
type of music that was being played. Amox told Johnson to leave the party when he complained
about Amox's decision to change the music from rap to country. Amox testified that he feared
that Johnson was about to hit him, so he punched Johnson in the face, knocking him
unconscious. 

 Several partygoers suggested that Johnson should be taken to the hospital for medical
attention, or that someone should call the police. Hicks, however, rejected these suggestions. 
He believed that calling the police would jeopardize his employment as a jail guard with the
Cass County Sheriff's Office. While the partygoers discussed the matter for approximately
one hour, Johnson was on the ground unconscious. Hicks directed the group to take Johnson
outside of town and leave him on the side of a county road. Several of the partygoers lifted
Johnson off the ground and placed him in the back of Amox's truck. Hicks then led a convoy
to a remote location on County Road 1620, where Amox and Dallas Stone placed Johnson on
the side of the road. 

 Hicks testified that after leaving Johnson, he briefly returned home. Hicks then went
back to where Johnson was lying and called the sheriffs' department to inform them of
Johnson's location. A Cass County officer drove to the site and found the unconscious
Johnson. The officer called for an ambulance, which took Johnson to Linden Hospital. Dr.
Donald Simmons testified that Johnson had a subarachnoid hemorrhage arising from trauma
to the head and aspiration pneumonia. Johnson was hospitalized for approximately one week
before he was released. 

 Hicks was charged with three counts of injury to a disabled individual under Texas Penal
Code Sections 22.02 and 22.04: 

 (1) intentionally or knowingly causing serious bodily injury to a disabled individual; 

 (2) aggravated assault causing serious bodily injury to an individual; and 

 (3) injury to a disabled individual by omission.


 The jury acquitted Hicks on the first two counts, but found him guilty of injury to a
disabled individual by omission. The jury assessed Hicks's punishment at three years'
imprisonment, but the trial judge probated the sentence and placed him on community
supervision for ten years. The judge also ordered Hicks to serve sixty days in the Cass County
jail.

 Hicks appealed his conviction to the Texarkana Court of Appeals. On appeal, he
challenged the legal and factual sufficiency of the evidence to prove that he either caused
bodily injury to Johnson or that he had assumed care, custody or control of Johnson. (4) Hicks
argued that in order to have assumed "care, custody, or control" within the meaning of Section
22.04(d), an actor must have accepted responsibility for the victim's protection, food, shelter
and medical care. (5) The Sixth Court of Appeals disagreed. The court determined that Section
22.04(d) establishes "[a] bright-line rule that, once someone has become a caretaker even
informallyfor a vulnerable individual, he or she cannot then escape responsibility for the
individual by arguing he or she has not assumed that individual's care, custody, or control." (6) 
As a result, the court concluded that under subsection (d), "the phrase 'care, custody, or
control' has more breadth than subsection (d) and that Hicks is covered by that additional
breadth." (7) Explaining what it meant by "additional breadth," the court stated that "possession,"
as defined in Section 1.07(a)(39), Texas Penal Code, "means actual care, control, or
management," and that "[a]n identical definition of possession applies to controlled
substances." (8) Additionally, the court stated that, "[w]hile the general definition of possession
ordinarily is, and the controlled substances definition exclusively is, concerned with
possession of property rather than people, there is no limitation in the general definition
making it nonapplicable here." (9)

 The court of appeals affirmed the judgment of the trial court, holding that there was
sufficient evidence "to prove that Hicks caused bodily injury by omission" and "that Hicks had
assumed Johnson's care, custody, or control." (10)

 Hicks filed a petition for discretionary review, which asks us to decide the following
issue: "Did the Court of Appeals err in concluding that possession alone equated to 'care,
custody or control' and therefore finding legally and factually sufficient evidence that Hicks
owed a duty to the victim?" We granted review and hold that the court of appeals erred by
interpreting Section 22.04(d) to include the definition of possession from Section
1.07(a)(39).

Law and Analysis

 Texas Penal Code Section 22.04 provides, in relevant part:

 (a) A person commits an offense if he . . . intentionally, knowingly, or recklessly
by omission, causes to a . . . disabled individual:
(1) serious bodily injury;
(2) serious mental deficiency, impairment, or injury; or
(3) bodily injury.

 

 (b) An omission that causes a condition described by Subsection (a)(1) through
(a)(3) is conduct constituting an offense under this section if:
(1) the actor has a legal or statutory duty to act; or
(2) the actor has assumed care, custody, or control of a . . . disabled individual.


 In subsection (d), the Legislature has set forth the standard for establishing when an
actor has assumed care, custody, or control of a disabled individual under subsection (b)(2):

 The actor has assumed care, custody, or control if he has by act, words, or
course of conduct acted so as to cause a reasonable person to conclude that he
has accepted responsibility for protection, food, shelter, and medical care for
a . . . disabled individual. (11) 


 Hicks argues that the court of appeals interpreted Section 22.04 incorrectly. Hicks
states that the court "rejected the restrictive definition of 'care, custody, or control'" found 
in Section 22.04(d) by applying "another broader definition equating to 'possession.'" Hicks
further contends that "had the Court of Appeals applied the far stricter definition of 'care
custody, or control,' the Court would have concluded that there was not factually and legally
sufficient evidence to establish Hicks assumed Johnson's 'care, custody or control.'" 

 We agree with Hicks. The court of appeals incorrectly expanded the language of
Section 22.04(d) by substituting the word "possession" for the definition of "care, custody, or
control" contained in Section 22.04(d). 

 In Boykin v. State, we held that "'[w]here the statute is clear and unambiguous, the
Legislature must be understood to mean what it has expressed, and it is not for the courts to
add or subtract from such a statute.'" (12) Therefore, when interpreting a statute, "we ordinarily
give effect to that plain meaning." (13) But we have acknowledged an exception to this rule:
"where application of a statute's plain language would lead to absurd consequences that the
Legislature could not possibly have intended, we should not apply the language literally." (14) "If
the plain language of a statute would lead to absurd results, or if the language is not plain but
rather ambiguous," then it is appropriate to seek the aid of extratextual factors to develop a
reasonable interpretation of a statute. (15)

 The Legislature has clearly provided the standard for establishing when an actor has
assumed "care, custody, or control" of a disabled individual under subsection (b)(2). (16) This
standard is clearly and unambiguously set out in subsection (d). (17) Although "possession" in
Section 1.07(a)(39) is defined as "care, custody, or control," the court of appeals incorrectly
assumed that "care, custody, or control" under Section 22.04(b)(2) means "possession." This
is like saying, "I am a mammal, a dog is a mammal; therefore, I am a dog." This is the fallacy
of the undistributed middle. (18) Because the language of Section 22.04(d) is clear, the court of
appeals should have applied the plain language of subsection (d) and refrained from looking
beyond the text of the statute in interpreting it. By looking outside subsection (d) to the
definition of "possession," the court of appeals ignored established principles of statutory
construction (19) by modifying the standard provided in subsection (d).

Conclusion We conclude that the court of appeals improperly broadened the language of Texas
Penal Code Section 22.04 by adding the word "possession" to the definition provided therein. 
We therefore remand this case to the court of appeals to review Hicks's legal and factual
sufficiency claims using the standard for establishing when an actor has assumed "care,
custody, or control" of a disabled individual provided in Section 22.04(d). 

DATE DELIVERED: December 12, 2007

PUBLISH
1. Tex. Penal Code Ann. § 22.04 (Vernon 2003).
2. Tex. Penal Code Ann. § 1.07(a)(39) (Vernon 2003).
3. Hicks v. State, 183 S.W.3d 869, 875 (Tex. App.Texarkana 2006).
4. Id. at 871-72.
5. Id. at 873.
6. Id. 
7. Id.
8. Id. (quoting Tex. Penal Code Ann. § 1.07(a)(39) (Vernon Supp. 2005)).
9. Id.
10. Id. at 872. 
11. Tex. Penal Code Ann. § 22.04.
12. 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (quoting Coit v. State, 808 S.W.2d
473, 475 (Tex. Crim. App. 1991)).
13. Id. (citing Smith v. State, 789 S.W.2d 590, 592 (Tex. Crim. App. 1990)).
14. Id. (citing Faulk v. State, 608 S.W.2d 625, 630 (Tex. Crim. App. 1980))
(emphasis in original).
15. Id. at 785-86.
16. Tex. Penal Code Ann. § 22.04(b)(2).
17. Tex. Penal Code Ann. § 22.04(d).
18. Douglas Lind, Logic and Legal Reasoning 130-31 (The National Judicial
College 2001).
19. Boykin, 818 S.W.2d at 785-86.