

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00007-CR
_____


BRITTNEY FERNANDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 159th Judicial District Court
Angelina County, Texas
Trial Court No. CR-26264


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

The trial court found Brittney[1] Fernandez guilty of abandoning a child and rendered a probated sentence. *See* TEX. PENAL CODE ANN. § 22.041(b) (Vernon Supp. 2008). Fernandez now appeals, contending that, under the doctrine of *in pari materia*, the trial court violated her due process rights by convicting her of a felony offense when the facts supporting her conviction were more appropriately prosecuted under the misdemeanor statute that criminalizes leaving a child in a vehicle. *See* TEX. PENAL CODE ANN. § 22.10 (Vernon 2003). We will affirm the judgment of the trial court.

I.      **Factual and Procedural Background**

The evidence at trial showed Fernandez left an infant who had been in Fernandez's care inside her vehicle on February 8, 2006, while she went inside Lufkin's Target store to shoplift. Fernandez was inside the store for twenty-four minutes before she attempted to leave without paying for the approximately $300.00 in merchandise she had concealed inside an oversized purse. Loss prevention officials stopped Fernandez outside the store and detained her; after approximately thirty-five more minutes of discussing the circumstances of her suspected theft with Target employees (and after it became clear that police were on their way to formally arrest her), Fernandez finally told store workers about the infant who was outside in Fernandez's car. When Target personnel eventually

---

[1]The Court notes that the indictment and judgment, as well as other documents filed in the trial court, spell the appellant's name "Brittany." However, she signs her name "Brittney." We will use the spelling as signed by the appellant.

2

found Fernandez's car, they discovered the infant (age between fifteen and eighteen months old) inside a locked car. The windows were rolled up; the baby was warm, sweating, and crying; and the child had a soiled diaper. No one was inside the car attending to the child.

The grand jury's indictment charged Fernandez with abandoning this baby. Specifically, the indictment alleged Fernandez

> did then and there, while the defendant had custody, care, or control of [M.M.], a child younger than 15 years, intentionally abandon the said [M.M.], in a place under circumstances that exposed the said [M.M.] to an unreasonable risk of harm, to wit: by leaving [M.M.] unattended in an automobile, and the defendant did not voluntarily deliver the child to a designated emergency infant care provider under Section 262.302, Family Code . . . .

Fernandez waived her right to a jury trial and submitted the issue of guilt-innocence to the trial court. At trial, she specifically argued Sections 22.10 and 22.041 were *in pari materia* based on the allegations contained in the indictment. The trial court overruled her objection and found Fernandez guilty as charged in the indictment. The court then sentenced her to two years in a state jail facility, but suspended imposition of that sentence and released Fernandez to community supervision for a period of five years. Fernandez timely perfected her appeal to the Twelfth Court of Appeals, and the Texas Supreme Court transferred her appeal to this Court pursuant to the Texas Supreme Court's docket equalization program. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). Fernandez now reiterates her contention that she should have been prosecuted only under Section 22.10 because that statute is narrower and is *in pari materia* with Section 22.041.

3

**II.     The Doctrine of *In Pari Materia***

Literally translated, the Latin phrase *in pari materia* means "on the same subject." BLACK'S LAW DICTIONARY 807 (8th ed. 2004).  The doctrine of *in pari materia* is a rule of statutory construction providing "that statutes that are *in pari materia* may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject." *Id.*  The Texas Court of Criminal Appeals has recently described the doctrine of *in pari materia*:

> It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered to be in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

*Azeez v. State*, 248 S.W.3d 182, 191 (Tex. Crim. App. 2008).

The Texas Legislature has effectively codified the doctrine of *in pari materia* through its enactment of the Code Construction Act.  *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 2005).

In the criminal law context, this canon of statutory construction is usually called upon when there are two laws that ostensibly criminalize the same conduct, but where one statute addresses a subject in comprehensive terms and where the other statute provides a more specific set of circumstances under which conduct is punishable. *Lomax v. State*, 233 S.W.3d 302, 312 (Tex. Crim. App. 2007) (citing *Alejos v. State*, 555 S.W.2d 444, 450 (Tex. Crim. App. 1977) (op. on reh'g)). Litigants typically invoke the doctrine when those two statutes provide differing punishments.  *See, e.g.*, *Tawfik v. State*, 643 S.W.2d 127, 129 (Tex. Crim. App. 1982) (criminal simulation vs. theft);

4

*Williams v. State*, 641 S.W.2d 236, 239 (Tex. Crim. App. 1982) (hindering secured creditor vs. theft); *Jones v. State*, 552 S.W.2d 836 (Tex. Crim. App. 1976) (welfare fraud vs. theft); *Ex parte Pribble*, 548 S.W.2d 54 (Tex. Crim. App. 1977) (post-conviction habeas concerning possession of forged instrument vs. forgery); *Ex parte Harrell*, 542 S.W.2d 169 (Tex. Crim. App. 1976) (possession of criminal instrument vs. possession of forged instrument). Historically, the State has opted to prosecute the accused under the statute that provides a higher punishment range, with the accused preferring to be prosecuted under the statute that carries a lesser potential punishment range.

In Texas, "a defendant has a due process right to be prosecuted under a 'special' statute that is *in pari materia* with a broader statute when these statutes irreconcilably conflict." *Ex parte Smith*, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006). If a conflict exists between a general statute and a more specific statute, the more specific statute shall govern the situation unless the general provision is the later enactment *and* the Legislature has manifested its intent that the general provision shall govern. TEX. GOV'T CODE ANN. § 311.026(b). But the rule of *in pari materia* is not applicable to enactments that cover different situations and that were apparently not intended to be considered together. *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988).

In *Azeez*, the appellant was convicted of failing to appear in court under Section 38.10 of the Texas Penal Code. The offense underlying that prosecution was Azeez's receipt of, and failure to attend to the consequences of, a speeding ticket. The *Azeez* court noted that the prosecution's charging instrument specifically tracked the language in Section 38.10. The trial court's jury charge

likewise tracked the language of Section 38.10. Meanwhile, Azeez had repeatedly argued—without success—that he should have been prosecuted under a similar, yet more specific, provision found in Section 543.009 of the Texas Transportation Code. *Id.* at 184–86.

The Texas Court of Criminal Appeals reversed Azeez's Section 38.10 conviction. In so doing, the court found that Section 543.009(b) (failing to appear for a traffic offense) was a more narrowly hewn offense than that set out in Section 38.10 of the Texas Penal Code (failure to appear after release from custody), was a complete crime within itself, and would otherwise meet every element (and hence be punishable under) the Texas Penal Code provision. The court also considered the purposes of both statutes and the Legislature's manifested policy that a failure to appear violation based on a traffic infraction should carry a lesser punishment. *Id.* at 192–93.

## III. Are Sections 22.041 and 22.10 *In Pari Materia*?

### A. Narrowly hewn offense

The child abandonment statute provides, "A person commits an offense if, having custody, care, or control of a child younger than 15 years, he intentionally abandons the child in any place under circumstances that expose the child to an unreasonable risk of harm." TEX. PENAL CODE ANN. § 22.041(b). The other statute at issue in this case provides, "A person commits an offense if he intentionally or knowingly leaves a child in a motor vehicle for longer than five minutes, knowing that the child is (1) younger than seven years of age; and (2) not attended by an individual in the vehicle who is 14 years of age or older." TEX. PENAL CODE ANN. § 22.10(a). The former statute is

6

a state jail felony. TEX. PENAL CODE ANN. § 22.041(d)(1). The latter is a Class C misdemeanor.

TEX. PENAL CODE ANN. § 22.10(b).

In a child abandonment case, the State must bring forth evidence to prove the following

elements of that offense:

(1) a person having custody, care, or control of a child younger than 15
(2) intentionally abandons the child
(3) in any place and under circumstances that expose the child to an unreasonable
risk of harm.

TEX. PENAL CODE ANN. § 22.041(b).

To meet its burden of proof in a prosecution for leaving a child in a vehicle, the State must

bring forth evidence of the following:

(1) a person intentionally or knowingly leaves a child in a motor vehicle longer than
five minutes
(2) the child is younger than seven years of age
(3) not attended by a person 14 years of age or older.

TEX. PENAL CODE ANN. § 22.10.

In *Azeez*, the Texas Court of Criminal Appeals held that for statutes to be *in pari materia*,

one must have two statutes: The first being a broadly defined offense and the second a more

narrowly hewn offense, complete within itself, that proscribes conduct otherwise meeting every

element of (and being punishable under) the broader provision. 248 S.W.3d at 192. The Texas

Court of Criminal Appeals has also stated, "It is just as clear that if two statutes do not deal with the

same subject matter, persons or purpose, they are not *in pari materia* and should each be construed

7

separately and in accordance with the plain wording of the particular statute." *Cheney*, 755 S.W.2d at 127 (citing *Ex parte Wilkinson*, 641 S.W.2d 927, 932 (Tex. Crim. App. 1982); *Christiansen v. State*, 575 S.W.2d 42 (Tex. Crim. App. 1979); *Alejos v. State*, 555 S.W.2d 444 (Tex. Crim. App. 1977)).

We conclude these statutes do not meet these requirements for a finding of *in pari materia*.

Section 22.041(b) can only be violated by a person having custody, care, or control of a child. In contrast, the offense of leaving a child in a vehicle (22.10) may be committed by anyone. Merely leaving a child, under seven years old, in a vehicle for more than five minutes without supervision by one over fourteen years old is a violation of the statute. In this regard, Section 22.10 has broader application than does Section 22.041.

We also note that the Texas Court of Criminal Appeals has recently explained that the definition of care, custody, and control found in another statute within Chapter 22 of the Texas Penal Code has a very limited application. Similar "custody, care, or control" language that appears in Section 22.041, one of the statutes at issue in this appeal, is found in that statute's immediate categorical predecessor: Section 22.04. According to the Texas Court of Criminal Appeals, Section 22.04's use of the terms "care, custody, or control" is limited to situations in which a reasonable person would assume the actor has accepted responsibility for the protection, food, shelter, and medical care of the person. *Hicks v. State*, 241 S.W.3d 543, 546 (Tex. Crim. App. 2007) (interpreting Section 22.04(d)). If we applied this restrictive definition of "care, custody, or control"

8

from Section 22.04 to Section 22.041's use of the same language, the result would be that Section 22.041 would apply to very few persons. *See Rey v. State*, 238 S.W.3d 840, 841 (Tex. App.—Amarillo 2007, pet. granted). But, even if a broader concept of "care, custody, and control" were applicable in this instance, Section 22.041(b) would still pertain to a restricted number of persons, whereas Section 22.10 could apply to any "person." For instance, since there is no custody requirement, nothing in Section 22.10 prevents the prosecution of a passenger in a vehicle who intentionally leaves a child in a motor vehicle without supervision. That same passenger, without care, custody, and control of the child, could never be prosecuted under Section 22.041(b).

This analysis leads us to the conclusion that the two statutes do not necessarily apply to the same persons or class of persons. Further, the same rationale brings us to the conclusion that in this respect Section 22.10 is not a narrower statute, but is a broader statute, having application in many more instances than does Section 22.041(b).

## B. Does not meet every element of the broader statute

Another requirement to establish *in pari materia* is that the conduct in the narrower statute must otherwise meet every element of and be punishable under the broader provision. *Azeez*, 248 S.W.3d at 192.

Here, the two statutes differ in significant ways. Section 22.10 does not require that any harm or even potential harm be shown, yet Section 22.041(b) requires proof that a person left a child in any place without providing reasonable and necessary care under circumstances that expose the child

9

to an unreasonable risk of harm. Since Section 22.10 does not require the elements of custody, abandonment, or exposure to harm—all elements of Section 22.041(b)—a violation of Section 22.10 not containing facts proving those elements would not be punishable under Section 22.041(b).

### C. These statutes cover different situations not intended to be considered together

Additionally, as noted above, the Texas Court of Criminal Appeals has held that *in pari materia* "applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way." *Lomax*, 233 S.W.3d at 312 (citing *Alejos*, 555 S.W.2d at 450). The rule is not applicable to enactments that cover different situations and were apparently not intended to be considered together. *Id.* In *Lomax*, the court considered whether the offenses of felony murder and intoxication manslaughter were *in pari materia*. The court found the felony-murder statute covered a variety of homicides during the commission of a felony while the intoxication manslaughter is specifically limited to a DWI homicide. *Id.* The Texas Court of Criminal Appeals found these distinctions in the two statutes precluded the statutes from being *in pari materia*.

Likewise, here, the two statutes cover different situations. As stated, Section 22.041(b) could cover an unlimited set of facts where it is shown that a child has been abandoned, whereas Section 22.10 only applies to leaving a child in a vehicle. Section 22.10 may be violated in a space of just over five minutes, whereas Section 22.041(b) mandates the abandonment be under circumstances when no reasonable, similarly situated adult would leave a child. Section 22.041(b) requires that the

child be exposed to an unreasonable risk of harm, but Section 22.10 requires no finding of harm or danger to the child. While a situation could arise where both statutes might apply, we conclude, as did the *Lomax* court, that the statutes at issue here were intended to cover a wide variety of different situations and therefore were not designed to be construed together as one.

For all of the above reasons, we conclude the two statutes are not *in pari materia* and affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:     September 10, 2008
Date Decided:     October 3, 2008

Publish

11