# NO. 12-15-00245-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY WAYNE BATSON,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jeffrey Wayne Batson appeals his conviction for abandoning a child. In one issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

### BACKGROUND

On January 2, 2014, Appellant became involved in an altercation with his wife, Kimberly Batson. At trial, Kimberly testified that Appellant had been drinking, was not in a good mood, became angry that she had not prepared dinner, and began pushing and punching her. Adellah Batson, the daughter of Appellant and Kimberly, became upset. When Kimberly attempted to console Adellah, Appellant kicked Kimberly in the face. Kimberly then ran from the house with Adellah, who was two years old.

Appellant pursued Kimberly, grabbed Adellah, and placed Adellah in his car. Kimberly feared that Adellah was in danger. She attempted to seek help from Jennifer Shipman, who lived across the street, but Appellant used his car to block her path. Shipman testified that she contacted 9-1-1 after hearing screams and finding an hysterical Kimberly. Because Adellah was not with Kimberly, Shipman assumed she was inside the couple's home. According to Shipman, Appellant drove onto the road and began revving his car engine and flashing his headlights. This

behavior made Shipman afraid to try to retrieve Adellah. Shipman testified that her husband approached Appellant and did not see Adellah in Appellant's car.

Shipman testified that deputies arrived around twelve minutes after she first encountered Kimberly, who testified that a sheriff's deputy took her home. Kimberly found Adellah, who was wearing only a diaper, inside the house. Deputy Austin McDonald testified that Adellah was crying, unclothed, and looking for her parents. He testified that the house was unlocked and a space heater was turned on and within Adellah's reach. Although the record is unclear as to how Adellah ended up in the house by herself, McDonald testified that Appellant admitted to leaving Adellah alone in the house.

Kimberly testified that the weather was cold that night, the space heater turns on automatically, and she would not have left Adellah alone with the heater. She explained that Adellah had to be told to stay out of things and that she could have touched the stove, turned on the heater, or left the house. Shipman did not believe that Adellah would leave the house or turn on the space heater, but she would not have left Adellah alone in the house. She believed that twelve minutes is a long time for a two-year-old to be left alone. Kimberly believed that Adellah was placed in danger that night. She testified that Adellah now has nightmares.

Deputy McDonald testified that Appellant smelled of alcohol and appeared intoxicated. McDonald opined that Adellah's being left alone could have been dangerous and that a reasonable person would not have left her alone in the house. He testified that the risks of leaving a two-year-old child alone, such as exposure to a space heater and access to an unlocked front door, are unreasonable. According to McDonald, it could have been difficult to find Adellah had she wandered outside the house. At the conclusion of trial, the jury found Appellant guilty of abandoning a child. The trial court sentenced Appellant to confinement for two years in a state jail facility.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant challenges the sufficiency of the evidence to support his conviction for abandoning a child.[1] Appellant contends that Adellah would have been exposed

---

[1] Appellant argues that the evidence is factually insufficient. However, the Texas Court of Criminal Appeals has abandoned the factual sufficiency standard of review. *See* **Brooks v. State**, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The standard set forth in **Jackson v. Virginia**, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) is now "the only standard that a reviewing court should apply in determining whether the evidence is

to greater risk had she remained outside with her parents during a violent confrontation. He maintains that Adellah was not exposed to an unreasonable risk of harm when she was left inside her home.

## Standard of Review and Applicable Law

When reviewing the sufficiency of the evidence, we must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id*. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id*.

A person commits the offense of child abandonment when, having custody, care, or control of a child younger than fifteen years, the person intentionally abandons the child in any place under circumstances that expose the child to an unreasonable risk of harm. TEX. PENAL CODE ANN. § 22.041(b) (West 2011). "[A]bandon" means to leave the child without providing for the child's reasonable and necessary care, under circumstances in which a reasonable, similarly situated adult would not leave a child of that age and ability. *Id*. § 22.041(a). A person subject to Section 22.041 has assumed the responsibility to act reasonably with regard to the child's safety. *Schultz v. State*, 923 S.W.2d 1, 4 (Tex. Crim. App. 1996). Section 22.041 imposes a duty upon the party responsible for a child to refrain from unreasonably subjecting the child to danger. *Id*. The conduct criminalized by Section 22.041, i.e., the neglect of this duty, is per se dangerous. *Id*.

## Analysis

Section 22.041 is intended to protect vulnerable individuals. *Rey v. State*, 280 S.W.3d 265, 268 (Tex. Crim. App. 2009). Children under the age of six, like Adellah, are particularly vulnerable. *See Henderson v. State*, 962 S.W.2d 544, 562 (Tex. Crim. App. 1997). The record indicates that Adellah was found alone in her home, which was unlocked. The jury also heard evidence that Adellah was upset and unclothed during cold weather and had easy access to a

---

sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id*. Accordingly, we will review any legal or factual sufficiency challenge in a criminal case under that standard. *See id*.; *see also Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

space heater. This evidence supports an inference that Adellah was susceptible to intruders, could have been injured inside the home, or could have wandered outside the unlocked home. Additionally, the jury heard Kimberly and Shipman testify that they would not have left Adellah alone, as well as McDonald's testimony that a reasonable person would not have left Adellah alone. Appellant's act of leaving Adellah without supervision and protection, even for a short time, constitutes a violation of his duty to act reasonably with regard to her safety. *See Schultz*, 923 S.W.2d at 4; *see also* TEX. FAM. CODE ANN. § 151.001(a)(2) (West 2014) (parental duties include care, control, protection, and reasonable discipline).

As the sole judge of the weight and credibility of the evidence, the jury could conclude that a reasonable, similarly situated adult would not have left a child of Adellah's age and ability alone in her home. *See* TEX. PENAL CODE ANN. § 22.041(a). Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury could find, beyond a reasonable doubt, that Appellant intentionally abandoned Adellah in a place under circumstances that exposed her to an unreasonable risk of harm. *See id*. § 22.041(b). Because the evidence is legally sufficient to support the jury's verdict, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 15, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 15, 2016

NO. 12-15-00245-CR

**JEFFERY WAYNE BATSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1420617)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*